T. & P. MILLER, TO USE OF MORRISON & PERRY, *vs.* PAULSELL & NEWMAN.

1. An assignment of all the assignor's "*goods and chattels, effects and property of every kind,*" for the purpose of paying debts due by the assignor, is not such an assignment of a bond held by the assignor at the time of the assignment, as will enable the assignee to maintain an action thereon in his own name, under the act concerning "bonds and notes."—Rev. Statutes, 1835, p. 105.

2. The assignment of a bond or note must be in writing, to enable the assignee to maintain an action thereon in his own name, and the writing itself should show whether the assignment had been made: parol evidence is inadmissible to prove that fact.

## ERROR to Cole Circuit Court.

MINOR and BAY, *for Plaintiffs.*

1. The Circuit Court erred in permitting the deed of assignment from Thomas and Philip Miller to Ewing and Irvine to be read in evidence: because—

1st. The deed does not contain any assignment of the bond sued on to Ewing and Irvine.

2d. The deed of assignment was only made for the purpose of enabling the assignees to sell the property assigned, and to collect the outstanding debts due the firm of T. & P. Miller, and apply the same to the payment of debts due by that firm.

3d. An assignment of all the assignor's "*goods* and *chattels, effects* and *property* of every *kind,*" for the purpose of paying debts due by the assignor, is not an assignment of a bond held by the assignors at the time of the assignment, so as to enable such assignee to maintain an action thereon in his own name, within the meaning of the 2d section of the act concerning "bonds and notes." (Rev. Statutes, 1835, p. 105.) And such an assignment certainly does not show that a particular bond or note, executed to the assignee previous to the execution of the deed, passed to the assignee under and by virtue of the deed.

2. The evidence of Philip Miller was wholly irrelevant and incompetent: because —

1st. A *bond* or *note* cannot be assigned by *parol*, so as to enable the assignee to maintain an action thereon in his own name.—Thomas *vs.* Cox, 6 Mo. Rep., 506.

2d. The introduction of this testimony is an admission on the part of the defendants that the deed of assignment does not contain any assignment of the bond sued on to Ewing and Irvine.

3d. It is admitted that a bond or note may be assigned on a paper separate from that on which the bond or note is written, but it is contended that the assignment must appear from the writing, and that the party, on failing to make out the assignment by the writing, cannot resort to parol testimony to supply the defect. This principle is applied by the courts in construing the statute of frauds.—See 1 Sugden on Vendors, 104, 5; King *vs.* Wood, 7 Mo. Rep., 389.

4th. The testimony of Philip Miller assumes the whole matter in controversy. The question is, whether this bond passed to Ewing and Irvine by said deed of assignment so as to enable them to maintain an action thereon, in their own names, as assignees? This is a matter of law to be determined upon inspection of the deed of assignment, and yet Philip Miller is permitted to testify "that said bond was included in the property mentioned in said deed of assignment, and passed to said Ewing and Irvine by and under said deed of assignment." No principle of law is better settled than that a witness must state *facts* which are known to him, and not *legal* conclusions.—1 Starkie on Evidence, 151; Garrett *vs.* The State, 6 Mo. Rep., 1.

3. The court refused to permit the plaintiff to read the bond in evidence, and yet permitted Miller to testify in relation to the bond. If the bond was not in evidence, how could Miller, or any one else, swear that the bond sued on was included in the deed of assignment? The bond was not before the witness, and he could know nothing about it. His whole testimony is predicated upon the supposition that the bond was in evidence before the court.


LISLE and EDWARDS, *for Defendants.*

1. The Circuit Court did not err in permitting the deed of assignment to be read. It is not required by law that the assignment of bonds and notes should be written on the bonds or notes themselves.—See Rev. Stat., p. 104; 2 Bibb, 83; 3 Monroe, 46.

2. The court did right in receiving the testimony of Philip Miller. Whether the bond sued on was transferred by Miller & Miller, in their deed of assignment to Ewing & Irvine, was a latent ambiguity, to explain which it was proper to produce parol testimony. Parol testimony is always admissible to explain the latent ambiguity in deed.—2 Starkie's Ev., 546; 2 Kent's Com., 556, note *b.*

3. The court did not err in refusing to permit the plaintiffs to read the bond in evidence.

4. The court did right in refusing to set aside the non-suit.

5. By the deed of assignment of the said T. & P. Miller, all their property, of

every nature and kind, was vested in their assignees, and they became the owners thereof, and the said Miller & Miller cannot maintain an action on any debt due or owing them at the time, or prior to the time, of making said adjournment.

SCOTT, *Judge, delivered the opinion of the Court.*

This was an action of debt on a bond instituted by T. & P. Miller, to the use of Perry & Morrison, against the defendants, Paulsell and Newman. On the trial of the issue, on the plea of *non est factum*, with notice of the special matter, the following facts appeared in evidence:—T. & P. Miller made a general assignment of all their lands and tenements, goods and effects, to R. A. Ewing and J. E. Irvine, for the benefit of their creditors. The words of the deed of assignment describing the personalty conveyed, were these, viz., "All their goods and chattels, effects and property of every kind." The bond sued on was not mentioned or described otherwise than in the words set forth. After the introduction in evidence of the deed of assignment, a witness was produced, who testified, that the bond sued on was part of the effects of T. & P. Miller, and was conveyed by the deed of assignment. This was objected to. The court thereupon refused to permit the plaintiffs to read the bond in evidence. The plaintiffs suffered a non-suit and moved to set it aside, which motion was overruled.

The question is, whether the suit should have been brought in the name of T. and P. Miller, or by Ewing & Irvine, the assignees? Or in other words, whether there was such an assignment of the bond as took away the right to sue on the same, in the name of T. and P. Miller? This is a question not involving the right to the bond, but simply the mode in which they who are unquestionably entitled to it shall maintain an action upon it. Under such circumstances, the court should be influenced by considerations of convenience and facility to creditors, in recovering their demands. It is a matter of indifference to the defendants in whose name the suit is brought, as they are not jeoparded by one mode more than another. In the case of Isbell and Abel *vs.* Shields and Hickerson, (7 Mo. Rep.,) this Court held that a bond or note might be assigned by writing on a separate piece of paper or instrument. In that case there was a specific assignment, or an assignment in terms, which described the instrument. That opinion was dictated more by a respect for adjudged cases, than from a thorough conviction of its correctness, it being presumed that the legislature, in adopting the statute of a sister State, adopted likewise the interpretation put upon it by her courts, as it was generally known. We are now required to go a step farther, and sanction a construction of the statute concerning bonds and notes which would, in many cases, involve the holder of them in difficulties in bringing suit, and turn him out of court on points altogether beside the merits of the action. Unless there is imperative authority for such a course, a regard for the due administration of justice should induce us to avoid it. The statute concerning bonds and notes declares, that all bonds and promissory notes for money or property shall be assignable, and the assignee may maintain an action thereon, in his own name, against the obligor, or maker. This provision has been held imperative on the assignee to institute suit

*T. & P. Miller, to use of Morrison and Perry, vs. Paulsell and Newman.*

in his own name. So, too, in the construction of this statute, it has been determined that the assignment must be in writing, to enable the assignee to maintain an action in his own name. If the assignment must be in writing, the writing itself should show whether it had been made or not, and it would be a subversion of the rule to receive parol evidence in order to show that it had been made.

As to the point respecting the admissibility of the parol evidence to show that the bond sued on was included in the assignment, it may be observed, if this were a suit in which the right of T. & P. Miller's assignees to the bond was involved, the evidence would clearly be admissible, on the principle, that a resort to parol evidence is allowed to ascertain the subject-matter of a conveyance, so as to satisfy the description. If in the conveyance of an estate it is denominated Blackmore, parol evidence must be admitted to show what field is known by that name. Upon the same grounds, where there is a devise of an estate purchased of A., or a farm in the occupation of B., it must be shown by extrinsic evidence, what estate it was that was purchased of A., or what farm was in the occupation of B., before it can be known what is devised: but the evidence is inadmissible for the purpose for which it was received.

Judgment reversed.