Menkens *v.* Heringhi.

———◄●●►———

MENKENS, Respondent, *vs.* HERINGHI, Appellant.

1. The endorsement by a married woman of a bill of exchange, payable to her order, in the presence of, and with the consent of her husband, will pass the title.

*Appeal from St. Louis Circuit Court.*

This was an action brought by Menkens, the respondent, against Heringhi, the appellant, before a justice of the peace,

on the 20th day of August, 1850, upon two drafts or bills of exchange, written partly in the Italian language, partly in the German language, and partly in the English language, of which the following are correct translations :

No. 1.           The 15th of March, 1850, for $62.

In four months from date, pay at the request of my own account, the ———— of exchange, to the order of Theresa Nigles, the sum of sixty-two dollars, for value received, in goods, and charge *hi* account of as per advice.

THERESA NIGLES.

(Signed)         BERNARDO HERINGHI.

Signed St. Louis, March 15th.

Which is endorsed, " pay to the order of Frederick Menkens."     (Signed)       THERESA NIGLES.

No. 2.            The 15th of March, 1850.

In five months after date, pay at the request of my own account, the ———— of exchange, to the order of Theresa Nigles, the sum of sixty-two dollars, value received, in goods, and charge *hi* account of as per advice.

(Signed)        THERESA NIGLES.

To Mr. Bernard Heringhi.     BERNARD HERINGHI.

St. Louis, 15th of March.

. On which is the following endorsement :

" Pay to Frederick Menkens, or order.

" THERESA NIGLES."

On the trial before the justice, a judgment was rendered for the plaintiff, and the case was appealed to the Circuit Court of St. Louis county, by the defendant. On the trial in the Circuit Court, a jury being waived by both parties, the plaintiff proved that, some time before the first draft became due, and before the last one came due, Theresa Nigles, who was at that time the owner of them, and lived in Peoria, Illinois, left them with Bernard Menkens, a brother of plaintiff, for collection. Some time after that, plaintiff, who also lived in Peoria, wrote to Bernard Menkens that he (plaintiff) had bought the drafts, and suit was then brought on them in plaintiff's name. They were never out of Bernard Menken's possession, from the time

they were left with him for collection until suit was brought upon them. The endorsement to plaintiff was filled up by plaintiff's attorney at the time the suit was brought. Plaintiff proved by the deposition of John Nigles that, at the time of the drawing and endorsing of the bills, Theresa Nigles was a married woman, the wife of witness ; that they were married in September, 1849 ; that the bills were given for goods purchased by defendant from said Theresa, before her marriage. Witness stated that, at the time of the drawing and endorsing of the bills, Theresa Nigles was doing business on her own account ; that he, witness, was present when the bills were endorsed, and that they were so endorsed by his consent and authority. Both parties having closed the case, the defendant asked the following instructions, which were refused :

1. If the court, sitting as a jury, believe from the evidence, that the endorser of said notes was a married woman at the time the endorsement was made, the defendant is entitled to a verdict.

2. Unless plaintiff shows that Theresa Nigles, the endorser of said bills, was engaged in business on her own account at the time said bills were drawn and accepted, and that the bills in question were drawn in the usual course of such business, and that she was in the habit of drawing and endorsing such bills, the defendant is entitled to a verdict.

3. The bills in question being originally drawn by Theresa Nigles, a married woman, and accepted by defendant for a debt due said Theresa, before her marriage, unless plaintiff has shown an authority from her husband to draw said bills as well as to endorse, the defendant is entitled to a verdict.

4. Endorsement by a married woman is void and not binding, unless it is made in the regular course of trade, and where the woman is doing business as a *feme sole*, or as the specially authorized agent of her husband ; and if acting as agent, it should so appear on the face of the bills.

The plaintiff's counsel also asked instructions, and the court took the matter under advisement until the next day. On the

next day, plaintiff's counsel withdrew the instructions asked by him, to which defendant's counsel then and there excepted, and the court, sitting as a jury, then gave judgment for the plaintiff. Defendant's counsel afterwards moved in arrest of judgment and also for a new trial, both of which motions were overruled.

*S. H. Gardner*, for appellant. The plaintiff cannot recover, unless he has shown that the bills were endorsed by Theresa Nigles in the regular course of trade, or that she had been in the habit of endorsing bills in her own name, with the consent of her husband. Kinne's Compend. 84, 451. Chitty on Bills, 25 and 224. Kent's Comm. vol. 3, p. 88. Story on Prom. Notes, p. 88 and 129. Story on Bills, p. 218, §196. Ib. 104, §90.

*C. C. Whittelsey*, for respondent. The bill was endorsed by Mrs. Nigles, in her own name, but with the sanction of her husband. This made it good as his act, and is equivalent to his own endorsement. Chitty on Bills, 225, (9 Am. ed.)

GAMBLE, Judge, delivered the opinion of the court.

1. The only question presented in this case is, whether a bill of exchange or promissory note, made payable to a married woman, may be endorsed by her, so as to transfer the title thereto, when her husband is present, giving his assent to her act. This will appear to be the precise question in the case upon examining the statement, for the evidence conclusively showed the presence and assent of the husband.

It is not supposed that, upon this question, there can be any doubt. In Story on Bills, sec. 92, it is said, "if a bill be made payable, or endorsed to a married woman, or her order, it becomes immediately, by operation of law, payable to the husband or his order, and he may, at his election, endorse it, or negotiate it, or sue upon it in his own name, or he may sue upon it in the joint names of himself and his wife, *or he may allow her to endorse or negotiate it in her own name.*" The

authorities cited sustain the position of the author, that the married woman may, by the authority of her husband, endorse the bill in her own name. The instructions asked by defendant were properly refused. Let the judgment be affirmed.