WALKER, Plaintiff in Error, vs. MAURO, Defendant in Error.

1. An averment that a party "used and occupied premises with the permission of the owner, thereby becoming his tenant," is a sufficient averment of indebtedness.

2. An order drawn on the whole of a debt is an equitable assignment of it, and under the new practice, the party in whose favor the order is drawn may sue for the debt in his own name.

*Error to St. Louis Law Commissioner's Court.*

*L. K. Kinsey,* for plaintiff in error. 1. Neither an agreement to pay rent, nor an express contract with the tenant, nor reservation of rent need be alleged or proved; an understanding will be implied, and an agreement to pay what the premises are fairly worth understood, wherever a permissive holding is established. Taylor on Landlord and Tenant, 294, 295. *O'Fallon, adm'r,* v. *Boismenue,* 3 Mo. Rep. 286. 2. In cases where an order is drawn for the whole of a particular fund, it amounts to an equitable assignment of that fund, and after notice to the drawee, it binds the fund in his hands. Bayley on Bills, 36, 37, *Mandeville* v. *Welch,* 5 Wheat. 277.

*P. C. Mauro,* in proper person. 1. The petition does not show that the defendant was indebted to Scofield & Ferris. It merely states that he used and occupied the American Hotel for fifteen days with their permission. No express contract to pay rent is alleged, nor are any facts stated, from which a contract could be implied. For aught that appears, he may have occu-

pied as their agent or at their solicitation. 2. No assignment to the plaintiff is shown. An unaccepted order is no assignment.

GAMBLE, Judge, delivered the opinion of the court.

The petition in this case states the fact that Scofield & Ferris were indebted to the plaintiff, and with sufficient distinctness alleges that Mauro, by being the tenant of S. & F. became indebted to them in the sum of $150 for rent. It next states, that S. & F. assigned to plaintiff the debt of the defendant on account of the rent due to them, and that such assignment is evidenced by an order drawn by S. & F. on the defendant for the whole amount due, which order the defendant refused to pay. The petition was demurred to and the demurrer sustained.

1. The allegation of Mauro's indebtedness to Scofield & Ferris is, that Mauro, with their permission, entered into and took possession of a building (which had been leased to Scofield & Ferris) and used and occupied the same for the period of fifteen days, thereby becoming the tenant of S. & F. and indebted to them for the use and occupation thereof, in such sum as the same was worth, which is averred to be the sum of one hundred and fifty dollars. It is not seen that this allegation of indebtedness would not be sufficient, if Scofield & Ferris had sued the defendant for the value of the occupation of the premises occupied by him with their permission and as their tenant, and if it would be sufficient in a suit by them, it is sufficient in a suit by their assignee, and in this action the defendant has all the defences he would have against Scofield & Ferris, arising before notice of the assignment.

2. The effect of our new code of practice, in abolishing the distinction between law and equity, is to allow the assignee of a chose in action to bring suit in his own name, in cases where, by the common law, no assignment would be recognized. In this respect, the rules of equity are to prevail, and the assignee

may sue in his own name. How far the statute which directs the mode of assigning bonds and notes is affected by this change in our mode of proceeding, we will not now say.

In the present case, as the assignee of the debt due from the defendant to Scofield & Ferris may sue in his own name, (2 Story's Eq. §1057 ; *Dobyns* v. *McGovern,* 15 Mo. 662 ; *Ex parte South,* 3 Swanst. 393 ; *Lett* v. *Morrison,* 4 Sim. 607 ) it only remains to consider whether such an assignment is stated in the petition. It is stated that they assigned the debt to the plaintiff, and that the assignment is evidenced by an order for the amount on the defendant. This is a sufficient assignment of the fund in equity. *Lett* v. *Morrison.* *Ex parte South.* *Mandeville* v. *Welch,* 5 Wheat. 277. At law no action could be maintained by the assignee, unless the debtor assumed to pay the amount assigned, but in equity it is different.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.