THORNTON, Respondent, v. CROWTHER, Appellant.

1. Where the assignment of a bond or note is made upon a separate paper, the assignee may maintain an action upon the bond or note in his own name as the real party in interest.
2. If the assignment describes the obligations assigned as the "within notes," parol evidence is admissible to show that the instrument sued on, being an obligation under seal, was folded up and enclosed within the paper upon which the assignment was made, and thus delivered to the assignee.

*Appeal from Jackson Circuit Court.*

This was an action by an assignee of an obligation described in the original petition as a *promissory note*. When the cause was taken up for trial, plaintiff offered in evidence an instrument of which the following is a copy : " On or before the 25th day of December, 1855, I promise to pay C. F. Russell, trustee of Zacnette Russell, the sum of $800, for value received. Witness my hand and seal this 9th day of November, A. D. 1854. [Signed] Benj. Crowther."

The court, upon the objection of defendant, refused to permit this instrument to be given in evidence, but against the objection of defendant permitted the plaintiff to amend his petition by striking out the words " promissory note" and inserting instead the word " bond," and also ruled that the defendant should answer and that the cause be tried at that term unless good cause should be shown for a continuance.

The defendant accordingly filed his answer, and the cause was submitted to the court without a jury. In proof of the assignment to himself, plaintiff introduced a written assignment from Russell to one Hockaday, which purported to assign " the *within described notes*, one for $250, dated, &c., &c. ; one for $800, dated 9th day of November, 1854, and payable on or before the 25th day of December, 1855 ;" also an assignment upon the same paper by Hockaday to plaintiff of " the within described notes ;" and also introduced, against the ob-

jection of defendant, evidence to prove that the obligation sued on and above set forth was the instrument referred to in the above assignments.

The court found for plaintiff. Exceptions were duly taken by defendant.

*Hovey*, for appellant.

I. The alteration of the petition was not an amendment, but the institution of a new suit; and the defendant not having voluntarily appeared to it, had until the next term to answer, as of course. (See 6 Shep. 249; Practice Act, 1849, art. 5, sec. 2.)

II. Defendant had not been served with a copy of the petition as altered twenty days before the time, and was not, therefore, bound to go to trial at that time. (See Practice Act, 1849, art. 5, sec. 6.)

III. That in order to give the plaintiff a right of action upon the bond, in the form in which his petition is couched, the assignments must be on the bond by endorsement in writing. (R. C. 1845, p. 190, sec. 2.)

IV. The finding shows that the instrument sued on is not a bond for the direct payment of money to plaintiff, and therefore the suit should have been founded upon the special facts, and placed on the return docket. (See Practice Act, 1849, art. 5, sec. 6.)

V. That although " the real party in interest" is, by our statute, the proper party to sue, yet the legislature are not by that statute precluded from prescribing the mode of obtaining that interest, or the mode of asserting it in a court of justice. (Compare sec. 1 of art. 3, Practice Act, 1849, and sec. 1 of art. 6 of same with sec. 2 of chap. 21 of Code of 1845.)

*Napton*, for respondent.

I. The assignee of a bond or note by an assignment made on a separate paper from the bond or note, is the real party in interest within the meaning of our practice act, and therefore entitled to sue. (See Code of Practice, 1849, art. 3, sec. 1;

Walker v. Mauro, 18 Mo. 564; Smith v. Schibel, 19 Mo. 140; Long v. Constant, ib. 320; Smith v. Dean, ib. 63.)

LEONARD, Judge, delivered the opinion of the court.

There is no error in this record. Although the legal ownership of the note was not transferred—the assignment being on a separate paper and not on the note, as required by the statute—yet the beneficial ownership passed, and the assignee became the real party in interest, and entitled as such to sue upon the note in his own name.

As to the amendment and the proceedings consequent on them, we remark that, whether the alleged want of correspondence between the proof and the allegation be considered a mere variance or an entire failure of proof, as defined in our written law, the plaintiff has no cause of complaint on account of the course of the court in reference to it. There is no pretence that he was in fact misled by it; nor indeed could he have been misled, as the instrument itself was filed in the cause and pointed out to him as the obligation sued on. In every view of the matter, he was rightly required to file his answer and proceed to trial at the same term and without any unnecessary delay.

The parol evidence, in reference to the note sued on being the one referred to in the assignment, was properly received.. Such evidence must always be admitted to determine whether any particular thing is the object referred to in the written instrument; in other words, to show that the thing demanded answers to the description given of it in the written contract. To take the simplest case, if, in the conveyance of an estate, it is described as blackacre, parol evidence must be resorted to for the purpose of showing what field is known by that description. The point of contention in this case was, whether the note sued on was one of the two notes referred to in the written assignment. These notes were described by their date, amount and time of payment, and by the additional fact of their being

within the paper upon which the assignment was written; and the proof was that the present note was with another folded up in this paper and thus delivered to the assignee.

The matter is too clear to require any authority or argument in support of it. The judgment is affirmed.