McCLAIN, Appellant, v. WEIDEMEYER, Respondent.

1. Where a negotiable promissory note is drawn in favor of a married woman, she may, with the assent of her husband, legally transfer the same by an endorsement in her own name.
2. This assent is sufficiently shown if it appear that the note, so endorsed by her in her own name, was executed in her favor in consideration of the transfer by her to the maker thereof of a bill of exchange transmitted to her by her husband, absent in California.
3. To constitute a valid transfer by the payee of a negotiable promissory note, it is not necessary that the assignment be by endorsement; a deed of assignment for the benefit of creditors purporting to assign the same is sufficient: such an assignee may maintain an action upon the note in his own name.

*Appeal from St. Clair Circuit Court.*

This was a suit on a negotiable promissory note executed by defendant, Weidemeyer, in favor of one Martha Thompson. The note was endorsed by said Martha to the partnership firm of Corbin & Barnes. Plaintiff claimed title to said note by virtue of an assignment made to him by Corbin & Barnes

McClain v. Weidemeyer.

for the benefit of their creditors. The defendant in his answer set up a failure of the consideration of said note; also that there had been no legal transfer of the note to Corbin & Barnes, the said Martha Thompson being a married woman at the time of the alleged endorsement by her in her own name; also that there had been no legal transfer of the note by Corbin & Barnes to plaintiff.

The cause was submitted to the court without a jury. David B. Thompson, examined in behalf of plaintiff, testified, that he was the son of Martha Thompson, the payee and endorser of the note sued; that John F. Thompson, his father, and husband of said Martha, was in the state of California; that he went to California in 1850 and was still there; that the said note was assigned by Martha Thompson to Corbin & Barnes; that the said note was taken for a bill of exchange sent by John F. Thompson from California to his wife, the said Martha Thompson; that she sold the bill of exchange to defendant, and took the note in controversy in her name.

Plaintiff also offered in evidence the deed of assignment to himself by Corbin & Barnes, for the benefit of their creditors. This deed of assignment purports to transfer and assign to plaintiff "all goods, wares, merchandise, chattels, notes, bills, bonds, judgments, evidences of debt, securities and vouchers for and affecting the payment of money, claims, demands, things in action, and property of every name and nature whatever of and belonging to said firm of Corbin & Barnes." The note in controversy was mentioned and described in the accompanying schedule. There was no endorsement upon said note by Corbin & Barnes.

The court refused to receive in evidence the note and deed of assignment. Plaintiff thereupon took a nonsuit with leave to move to set the same aside.

*W. P. Johnson,* for appellants.

I. The note sued on was legally transferred to Corbin & Barnes by Martha Thompson, all the evidence tending to show that the bill of exchange was sent to her husband for

the purpose of being converted into money, and the husband having authorized her by his own act to secure the money on the bill of exchange, there was certainly an implied authority to do any act that might be necessary to realize the money. (17 Mo. 297.)

II. Plaintiff was the legal owner of the note sued on, and became so by virtue of the deed of assignment from Corbin & Barnes, and was the only person authorized to bring suit upon said note. (Practice Act, 1849, art. 3, secs. 1, 2 and 3; 14 Mo. 428; 18 Mo. 154; 18 Mo. 561; 19 Mo. 63; 22 Mo. 347.)

*F. P. Wright*, for respondent.

I. There was no legal transfer of the note to Corbin & Barnes. Martha Thompson, the payee, was a married woman. The property thereof immediately upon the execution of the note vested in her husband and he became solely entitled to negotiate it. (Story on Prom. Notes, § 124; Story on Bills, § 92; 19 Mo. 300.) The legal owner, who was the husband, could alone transfer it. (7 Mo. 543.) Mrs. Thompson could only transfer the note as the agent or by the authority and consent of her husband, and this is neither averred in the petition nor does it so appear in the evidence. Story on Bills, § 92.)

II. There was no transfer of the note by Corbin & Barnes to plaintiff, and the deed of assignment was *properly* excluded as any evidence of such transfer. The deed of assignment was made in April, 1855. By the statute of 1845, then in force, "all bonds and promissory notes for money or property shall be assignable by endorsement on such bond or promissory note." This statute is different from the statute of 1855, which does not expressly require the assignment to be on the bond or note. Even if the court should think that a transfer in writing upon a different instrument would invest the title in plaintiff, still the deed of assignment was insufficient for this purpose. (Miller v. Paulsel & Newman, 8 Mo. 355.) The law of 1845, respecting bonds and notes,

was in force at the time of the execution of the deed of assignment. (Webb & Hepp v. Morgan, McClung & Co. 14 Mo. 430.)

SCOTT, Judge, delivered the opinion of the court.

The evidence in the cause was amply sufficient to show the assent of the husband to the act of the wife in assigning the note. In the case of Menkins v. Herenghi, 17 Mo. 297, it was held that the endorsement by a married woman of a bill of exchange payable to her order, in the presence of and with the consent of her husband, will pass the title. The authorities in the case to which reference is made show that the wife with the assent of her husband could legally transfer a note payable to herself by an assignment in her own name.

In the case of Thornton v. Crowther, 24 Mo. 164, the note sued on was with others folded in an envelop, and there was written on it a general assignment of them; the court held that under the practice act of 1849 such assignment was sufficient to enable the assignee to sue in his own name. The law of the case of Miller v. Paulsel & Newman, 8 Mo. 355, is altered by the present practice act.

An order drawn for the whole of a debt is an equitable assignment of it, and he in whose favor the order is drawn may sue for the debt. (Walker v. Monro, 18 Mo. 564; Canefox v. Anderson, 22 Mo. 347.) Judgment reversed, and cause remanded; Judge Ryland concurring; Judge Leonard absent.