Long v. Heinrich.

---

JAMES LONG, Defendant in Error, *v.* PETER HEINRICH, Plaintiff in Error.

1. *Assignment — Chose in action not assignable — Assignee may sue on in his own name.*—An assignee of a chose in action, not assignable at common law, may bring suit thereon in his own name; and this right existed prior to and independent of section 4, chapter 21, R. C. 1855.

*Error to Second District Court.*

*Conger & Reynolds*, for plaintiff in error.

At common law this account, being a chose in action, was not assignable. It is not made assignable by our statute. The only statutory provision we have ever had on this subject was contained

in section 4, chapter 21, R. C. 1855. Whatever of that chapter it was intended to retain was placed in the revision of 1865. (See Wagn. Stat. 239, note 1.) This was omitted (§ 4, ch. 21) and was consequently repealed. (Wagn. Stat. 896, §§ 2, 3.) The case of Walker v. Mauro, 18 Mo. 564, was under the act of 1849, and simply holds that in equity the debt was assignable; but the Legislature made assignable at law all choses in action, and the repeal of this section left it, as at common law, unassignable. The section in the practice act, that all actions shall be brought in the name of the real party in interest, does not apply; for if the account could not be assignable, no one but the original party to it could become the real party in interest. If plaintiff below was the equitable owner of the account, he should have resorted to his equitable remedy, and not sought the aid of the law, as for the enforcement of a legal right. If an equitable action, it should not have been tried as a legal one by the court as a jury. While the distinction between legal and equitable forms of action is abolished, yet the party must pursue his legal or equitable remedy distinctly, and not unite them. (Jones v. Moore *et al.*, 42 Mo. 413.)

*Perryman & Dinning, Van Alen & Wing,* and *Relfe,* for defendant in error.

I. Accounts, debts, and other choses in action were always assignable in equity. (2 Sto. Eq., §§ 1040, 1040 *a*, 1040 *b*, 1040 *c*, 1040 *d*, 1047 *a*, 1054, 1055, 1057.) Even at common law the assignee of a debt not in itself negotiable could, in a court of law, sue in the name of the assignor to use of the assignee. (2 Sto. Eq., § 1057 *a*.)

II. Section 4, chapter 21, R. C. 1855, never had any intrinsic worth. For the first time it appeared in the revision of 1855. Since the adoption of the code of 1849 (see § 1, art. III, of practice act, Sess. Acts 1849, p. 75) "every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in the next succeeding section; but this action shall not be deemed to authorize the assignment of a thing not

arising out of contract." (R. C. 1855, p. 1217, § 1 ; Gen. Stat. 1865, p. 651, ch. 161, § 2 ; *id.* p. 398, ch. 87, §§ 7, 8.)

III. The debt sued on, and which is the subject of this action, was assignable, and the assignee could maintain an action thereon in his own name. (See Walker v. Mauro, 18 Mo. 564.) This case was decided in October, 1853, long before we had any statutory provisions on this subject. (See also Smith v. Schibel, 19 Mo. 140 ; Smith v. Kennett, 18 Mo. 154; Smith v. Best, 42 Mo. 185 ; Bank of Commerce v. Bogy, 44 Mo. 13 ; Hutchings, to use, etc., v. Blackford, 35 Mo. 285–6.)

BLISS, Judge, delivered the opinion of the court.

James Long & Co. advanced $300 for defendant upon his written request, and the plaintiff, as assignee of James Long & Co., brings his suit to recover a balance due upon said advance. No defense upon the merits was made to the claim, the defendant only insisting that it was not assignable, and that the plaintiff could not sue in his own name. For this view he relies upon the fact that, in the revision of 1865, chapter 21, entitled "Bonds, notes, and accounts," found in the revision of 1855, was omitted ; and section 4, providing for the assignment of accounts, is nowhere re-enacted. But this section was wholly unnecessary. Ever since the adoption of the code in 1849 it is necessary that every action be prosecuted in the name of the real party in interest, and if one owns a contract or account not assignable at common law, he should bring suit in his own name.

Gamble, J., in Walker v. Mauro, 18 Mo. 564, says : "The effect of our new code of practice in abolishing the distinction between law and equity, is to allow the assignee of a chose in action to bring suit in his own name in cases where, by the common law, no assignment would be recognized." This opinion was given in 1853, and before the enactment of said section 4, now dropped from the statutes.

The judgment of the District Court is affirmed. The other judges concur.