BANK OF COMMERCE, Appellant, *v.* LEWIS V. BOGY, Respondent.

November 9, 1880.

1. A petition which alleges the drawing and negotiation of a bill described, and states that the legal effect thereof is an assignment by the drawer to the payee of an indebtedness of the drawee to the drawer, does not tender an issue of fact as to whether the assignment was such that the assignee might sue as the sole owner of the fund.

2. Where a stockholder orally agrees to accept such drafts as the corporation shall draw on him for calls of stock, and the corporation makes its draft upon him to the order of B., and delivers the same to B. for value, this is not an assignment of the sum due from the stockholder to the corporation.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

A. J. P. GARESCHÉ, for the appellant, cited : *Kansas* v. *Sigement*, 53 Mo. 177 ; *Smith* v. *Clark*, 44 Mo. 58 ; *Union Railroad* v. *Straube*, 59 Mo. 362 ; *Beardslee* v. *Morgner*, 4 Mo. App. 144 ; *Chase* v. *Alexander*, 6 Mo. App. 510.

S. N. HOLLIDAY, for the respondent, cited : *Chase* v. *Alexander*, 6 Mo. App. 510 ; *Bank* v. *Bogy*, 44 Mo. 13 ; *Kimball* v. *Donald*, 20 Mo. 577 ; *Ford* v. *Angelrodt*, 37 Mo. 50 ; 1 Sandf. 416 ; 3 Sandf. 257 ; 3 Comst. 243.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case alleges that plaintiff is a banking corporation of Maryland, and that the National Express and Transportation Company is a Virginia corporation, whose capital is $5,000,000, in fifty thousand shares of $100 each ; that defendant subscribed to fifty shares of said express company, and then and there obligated himself to pay to the express company $100 per share as assessments should be made, and to this end to accept of such drafts as should from time to time be drawn by the express company upon defendant for the calls of stock which should be made,

until the full sum of $100 per share had been paid. The petition then sets forth two calls of five per cent each, made by the express company on April 26 and August 8, 1866, of which defendant was notified, and which he has not paid, though payment was demanded of him.

The petition then proceeds in the following words : —

" Plaintiff further states that said express company, being in need of money to carry on its operations, under and in pursuance of its charter, did authorize and direct its treasurer, J. V. Allen, to draw upon defendant its bill of exchange, the same herewith filed as exhibit 'A,' dated Baltimore, August 10, 1866, and payable ten days after sight, in favor of, and to the order of plaintiff, for the sum of $500, the amount of the indebtedness of defendant to said express company, and for a valuable consideration to the said express company then and there by plaintiff paid, to negotiate, sell, transfer, and deliver to plaintiff the said bill of exchange ; and the said bill of exchange directed defendant to charge the amount of said draft to account of assessments on the capital stock of said company so by said defendant subscribed.

" Plaintiff further states that by its negotiation, transfer, and delivery of said draft to plaintiff, said express company did intend to assign, and as it was by its charter authorized to do, did assign to plaintiff, and as it (said plaintiff) was by its charter authorized to accept, and did accept, the indebtedness to said express company so due by defendant, and whereby plaintiff became subrogated in all of the rights of said express company, as the assignee of the said express company, of the indebtedness so due to it by defendant.

" Plaintiff further states that afterwards, and on the day and date last aforesaid, August 10, 1866, it presented to defendant the said draft for acceptance and payment, but defendant refused, and still refuses, to accept or pay the same, or any part thereof.

" Plaintiff further states that at the date of said draft,

August 10, 1866, the said sum of $500 was all that was then due or has since become due by defendant to said express company by the said subscription of defendant to the capital 'stock of said express company.

" Plaintiff further states that no part of said sum of $500 has been paid to it by defendant or by said express company, but the same remains wholly unpaid, and plaintiff therefore asks judgment for said sum of $500, interest, and costs."

To this petition defendant demurred, on the ground that it does not set forth facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff declined to plead further, and judgment was rendered in favor of defendant, which judgment was affirmed by General Term.

We do not see that this amended petition essentially changes the case presented by the petition heretofore considered by the Supreme Court in *Bank of Commerce* v. *Bogy*, 44 Mo. 14. The mere drawing and delivery of a bill of exchange is not a transfer of the debt due to the drawer by the drawee. The object of drawing a bill is to convert a supposed indebtedness of the drawee to the drawer into a chattel that may pass from hand to hand by indorsement and delivery, and this object is defeated when the drawee does not accept ; and the recourse of the payee is then upon the drawer.

Bogy, of course, was never liable upon this bill, because he never accepted it. It is, we imagine, the desire of the pleader to hold him liable to plaintiff on the ground that the transaction between the bank and the express company was an absolute present sale, by the drawer to the payee of the bill in question, of the subscription due by Bogy to the express company — a sale irrevocable, and vesting in the assignee a present interest in the fund assigned. To show this, an intention thus to assign must appear ; but it does not follow that an allegation of evidential facts, coupled with a statement that there was an assignment of the fund and an intention to assign it, will make the petition good,

or enable the payee of the bill of exchange to recover as on an equitable assignment.

The facts stated in the petition do not show an assignment and sale of the fund, or an intention to sell and assign. The intention of the parties can be gathered only from their acts. The pleader sets forth evidential facts,— as, the drawing and negotiation of a bill described, — and then states what he conceives to be the legal effect of those facts : that is, that they constituted an assignment to plaintiff by the express company of the indebtedness of Bogy to that company. This is not to put plaintiff's right to recover upon an assignment of the indebtedness, and to tender an issue of fact as to whether the indebtedness was or was not so assigned that the assignee might sue as sole owner of the fund. The promise of Bogy to accept such draft as should be drawn on him for the assessment, and the assignment of the indebtedness of Bogy, are mentioned in the petition, it is true, but they are set forth as legal inferences from certain facts stated in the pleading.

If Bogy refused to accept this draft, plaintiffs had their legal remedy against the drawer of it. They had, of course, no claim against Bogy on the draft. Nor, if Bogy orally agreed to accept such drafts as the express company should draw for calls of stock, and if the express company accordingly drew upon Bogy to the order of plaintiff, and delivered the draft to plaintiff for value, would these facts operate as an assignment to the payee of the sums due by Bogy to the express company for these assessments.

An order specifying the fund out of which it is to be paid, and divesting the party giving the order of all right to control the fund assigned, may work an equitable assignment of the fund assigned. But such an order is not a bill of exchange (which is payable at all events) ; and, conversely, a bill of exchange is not such an order. 3 Sandf. 257 ; 3 N. Y. 243 ; 5 Hill, 413 ; 18 Mo. 564 ; 20 Mo. 577 ; 37 Mo. 50.

The judgment of General Term is affirmed. All the judges concur.