MERCHANTS' NATIONAL BANK v. COATES, *Assignee of the Mastin Bank, et al., Appellants,*

**Bank Checks :** ASSIGNMENTS. The drawing of a check upon a bank for part of the drawer's deposit, does not transfer to the holder a legal or equitable claim *pro tanto* to such money, nor create any lien thereon in his favor.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Glover & Shepley* and *Pratt, Brumback & Ferry* for appellant Coates.

*Walker & Walker* for appellant the Topeka National Bank.

*Klein & Fisse, Davis & Smith, J. E. McKeighan, Chas. A. Davis* and *Patrick & Frank* for respondents.

NORTON, J.—The Merchants' National Bank of St. Louis was the correspondent and depository of the Mastin Bank of Kansas City, and, as such, had in its hands between twenty and thirty thousand dollars. The said sum to the credit of the Mastin Bank was claimed by Kersey Coates, in virtue of an assignment made to him on the 3rd day of August, 1878, by the Mastin Bank of all its effects and assets for the benefit of creditors generally, and payment thereof was demanded by him. The sum in the hands of the depository bank was also claimed by various holders of checks drawn by the Mastin Bank upon the Merchants' National Bank; eleven of which were drawn to various parties on the 2nd day of August, 1878, ten on the 1st day of August, 1878, three on the 30th day of July, 1878, one on the 29th day of July and two on the 31st day of July, 1878. None of these checks were accepted. The Merchants' National filed its bill in equity setting forth substantially the above facts, bringing the fund in dispute into court and praying that the claimants thereof be required to interplead, and that it might be discharged of all further liability. Interpleader Coates, as assignee, claimed the entire fund by virtue of said assignment as against all the other interpleaders who held unaccepted checks drawn previous to the assignment, and who, in virtue thereof, claimed the fund, and the several checkholders claimed the fund as against each other. The circuit court held that Coates, as assignee, was not entitled to the fund, and made a distribution of it to certain of the checkholders, from which judgment defendant Coates, as well as two of the checkholder interpleaders, appealed to the St. Louis court of appeals, where the judgment was affirmed *pro forma*, from which defendant Coates, and the Topeka National Bank and William Mulhall have appealed to this court.

Under the ruling made at the present term of this court, in the case of *Dickinson v. Coates, Assignee,* the judgment in this case must be reversed. It was held in that case that a check drawn by a depositor upon his depositary for part of the debt, did not, till it was accepted, transfer or assign to the holder either a legal or equitable claim to so much of the fund as the check called for, nor did it give him a lien thereon. We must, therefore, hold in the present case that the fund in dispute is properly payable to defendant Coates, as assignee, for *pro rata* distribution among the creditors of the Mastin Bank whose claims have been or may be allowed by the assignee in due course of administering the trust.

The judgment of the St. Louis court of appeals is reversed and the cause remanded to the St. Louis court of appeals with directions that the judgment of the circuit court be reversed and the cause remanded to the circuit court, to be proceeded with in conformity with this opinion. All concur.