J. W. BOYER, Plaintiff in Error, v. J. W. HAMILTON ET AL., Defendants in Error.

St. Louis Court of Appeals, April 6, 1886.

1. PLEADING—EQUITABLE ASSIGNMENT.—A petition which states in substance that A and B stated their account, which showed a stated amount due A, who, thereupon, for value, delivered the account to C, with his draft upon B in favor of C for the exact balance stated, and that B refused to pay to C such balance upon demand, states a cause of action.

2. ——— ANSWER.—An answer to such a petition, which admits the truth of the facts therein stated, but asserts that third persons claiming the fund have notified B not to pay C, states no defence.

3. ——— INTERPLEADER.—A claimant can not maintain a bill of interpleader in such a case.

ERROR to the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded with directions.*

CREWS & BOOTH, for the plaintiff in error: The

actual delivery of the account to the plaintiff, coupled with the allegation that the payment was for that and the bill, is an essential element of the assignment. *Ford v. Angelrodt*, 37 Mo. 50. Anything that shows an intention on the one side to make a present irrevocable transfer of the fund, and from which an assent to receive it may be inferred on the other, will operate in equity as an assignment if supported by a sufficient consideration. *Kimball v. Donald*, 20 Mo. 577; *The Bank of Commerce v. Bogy*, 44 Mo. 13. The averment of matters, from which a material fact may reasonably be implied, is a sufficient averment of such material fact. It is sufficient if from it a person of common understanding can know what is intended. *Duncan v. Duncan*, 19 Mo. 368; *Jackson v. Railroad*, 80 Mo. 147.

F. M. ESTES, for the defendants in error: The draft, in this instance, not having been accepted by Melton & Claphamson, the plaintiff has no claim to the funds in their hands, as the assignee of Hamilton. *Kimball v. Donald*, 20 Mo. 577; *Bank v. Bogy*, 44 Mo. 13; *Bank v. Bogy*, 9 Mo. App. 335; *Dickinson v. Coates*, 79 Mo. 168, 250.

ROMBAUER, J., delivered the opinion of the court.

Considerable confusion has arisen in this cause, owing to a misconception by the parties litigant, and by the trial court, of the proper modes of procedure, in actions presenting the features of the present action.

The facts succinctly stated are these: Defendant Hamilton, a merchant dealing in his own name (although, as it would appear, associated with Howard and Kreiter), had the exact amount of $657.42 standing to his credit in the hands of defendants Melton & Claphamson, as the proceeds of certain sales, for which an account had been stated between him and them. He thereupon drew his sight draft on them for said amount, payable to the order of the plaintiff, and delivered it to the plaintiff, together with the account stated, the plaintiff paying him at the

time the full amount thereof. Melton & Claphamson refusing to pay the plaintiff the amount of the draft, on presentation, he instituted this action against them, stating in his petition the facts above detailed, and claiming to be assignee of the fund. Melton & Claphamson answered, *admitting all the facts stated in the plaintiff's petition* [which admission included their indebtedness to the plaintiff, as assignee of Hamilton, for the amount sued for], and stated as their sole reason why they refused to pay said draft, that they had been notified of a claim on the proceeds of said sales, by certain persons, representing themselves as the Kansas City Storage & Commission Company [identical with Howard & Kreiter]. That as said claim came to them prior to the presentation of the draft, they refused to pay it solely for their own protection. That they were willing and ready to pay the said balance to the person entitled thereto, and to that end asked the protection of the court.

The plaintiff, instead of moving for judgment upon this answer, which absolutely set up no defence whatever, stood by until the court permitted Howard & Kreiter, the adverse claimants, to be made defendants *upon their own motion*, and this without any objection on the plaintiff's part. Thereupon, Howard & Kreiter, against whom the petition contained no charge whatever, filed an answer to the plaintiff's petition, in which they set up the fact that the funds in the hands of Melton & Claphamson, were partnership funds of the firm, composed of Hamilton, the drawer of the draft, and said Howard & Kreiter, and that plaintiff took said draft with full knowledge of that fact. They further stated that upon a full settlement of the partnership accounts it would appear that Hamilton was indebted to them, and that these funds were their individual funds at the date of assignment. This answer prayed no relief whatever, nor is it conceivable how the court, under the then state of the pleadings, and the parties before it, could have granted any relief to these defendants. The plaintiff, however, instead of moving

to strike out this answer, as he ought to have done, re-
plied to it, denying the facts therein stated, and the
parties went to trial upon these pleadings.

The plaintiff gave evidence tending to establish the
facts stated in his petition, although these facts were
admitted by the defendants Melton & Claphamson in
their answer, they being the only parties against whom
the plaintiff's petition claimed any relief.

The defendants Howard & Kreiter gave evidence
tending to show a partnership between themselves and
Hamilton, which had never been terminated, and which
was carried on in the individual name of Hamilton, who
drew the draft, and of a notice to the plaintiff prior to
his purchase of the draft and account, that they had no-
tified Melton & Claphamson not to pay any money on
Hamilton's orders, because they claimed that Hamilton
was indebted to them on partnership account.

They gave, also, evidence tending to show that Ham-
ilton was insolvent and had departed from this state, but
no evidence whatever was introduced even tending to
show that the funds in the hands of Melton & Clapham-
son would, upon a settlement of the partnership account,
turn out as individual funds of Howard & Kreiter.  The
record is entirely silent as to the state of the accounts be-
tween Hamilton, Howard & Kreiter.  All this evidence
was received against the plaintiff's objections.

The plaintiff, in rebuttal, gave evidence tending to
show that he took the draft in good faith, and without
any notice of the supposed equities of Howard & Kreiter.

At the conclusion of the evidence the court declared
that the plaintiff could not recover, and unless he took
a non-suit it would render a judgment against him.  The
plaintiff, thereupon, took a non-suit, with leave, etc., and
prosecutes this writ of error from the judgment of the
court refusing to set it aside.

The petition states a good cause of action.  It is con-
ceded that under the law finally adjudged in this state,
the mere drawing of a check, or draft, upon a debtor,

standing by itself, is inoperative, unless accepted by the debtor, to work a transfer of the fund drawn upon. *Merchants' Bank v. Coates*, 79 Mo. 168; *Dickinson v. Coats*, 79 Mo. 250. But it has not been questioned but that the drawing of an order of any kind, by the creditor upon the debtor, for the entire debt or fund in the debtor's hands, when made under circumstances showing that an assignment of the fund was intended, will operate as an assignment thereof. The distinction between the two cases is carefully drawn in the able opinion of Judge Norton in the case last above cited.

It has been repeatedly held that an order founded upon a good consideration, given for a specific debt or fund owing by the drawee, is evidence of an assignment of the demand to the holder, and he may sue for and recover the debt whether the order be accepted or not. *Walker v. Mauro*, 18 Mo. 564; *Kimball v. Donald*, 20 Mo. 577; *The Bank of Commerce v. Bogy*, 44 Mo. 18. The fact that the form of the order is in the shape of a draft can make no difference on principle, where the evidence clearly shows that it was the intention of the parties to make a present irrevocable transfer of the entire fund.

In this case the debtor and creditor had stated an account. That account, showing the exact balance due, was delivered by the creditor to the plaintiff, with the creditor's order upon the debtor in shape of a draft to pay the amount thus shown to the plaintiff's order. Under these circumstances the delivery of the account worked an assignment of the debt, as any act showing an intent to transfer, is held in this state to be evidence of the transfer of an account. *Smith v. Sterritt*, 24 Mo. 260.

All these facts were stated in the plaintiff's petition. The answer of the defendants Melton & Claphamson, admitted them to be true. How could the further fact, stated by these defendants in their answer, that other parties claimed the fund, be a defence to them, after admitting that they owed the debt to the plaintiff?

The entire proceeding in regard to the intervention

of Howard & Kreiter was irregular. The court seemed to have treated the proceeding in the nature of an interpleader, losing sight of the principle that the debtor alone can maintain such a bill, and not the creditor. *Hathaway v. Foy*, 40 Mo. 540. The fund in controversy was never in possession of the court, and the court could never have made any order in regard to its distribution, even if the pleadings and evidence would have warranted it. The only disposition which can be made of the case here, is to direct such a judgment as is called for by the pleadings and uncontroverted evidence. The defendants Howard & Kreiter, even if recognized as parties to this proceeding, have given no legal evidence to defeat the plaintiff's recovery. If they have any valid claim on the fund in controversy, as against the plaintiff, they can assert it by some method in conformity with established rules of procedure, in an independent action against him. There is nothing even to show that he is not financially responsible. The defendants Melton & Claphamson have admitted their liability by their answer, and no reason exists why judgment should not be rendered against them.

All the judges concurring, the judgment is reversed, and the cause remanded with directions to the trial court to strike the answer of Howard & Kreiter, and the plaintiff's reply thereto, from the files, and to render judgment in favor of the plaintiff against the defendants Melton & Claphamson for the amount in controversy, with interest from date of the institution of the suit, and to dismiss the cause as to the defendant Hamilton.