BANK OF PORTLAND, APPELLANT, v. MCCREDIE BANK ET AL., RESPONDENTS.[*]

Kansas City Court of Appeals. January 3, 1928.

---

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, section 390, p. 675, n. 4; section 547, p. 751, n. 75.

*Baker & Baker* and *Cave & Cuthbertson* for appellant.

*W. B. Whitlaw* for respondent.

WILLIAMS, C.—This case comes from the circuit court of Callaway county, Missouri. The case involves a claim in the sum of $1472.60. The claim is by the Portland Bank v. The Bank of McCredie, now in the hands of the State Finance Commissioner, in the process of liquidation. The appellant contends it is entitled to have its claim allowed as a preferred claim.

The McCredie Bank, located at McCredie, Callaway county, Missouri, was on September 27, 1926, and for a long time prior thereto, engaged in a general banking business. The Portland Bank was also doing a banking business at the same time at Portland, Callaway county, Missouri. Portland and McCredie were about twenty-five miles apart.

The McCredie Bank closed its doors and was placed in charge of the State Finance Department on September 29, 1926. On September 27, 1926, the McCredie Bank had outstanding drafts which would be presented at the National Stock Yards National Bank on September 27th or 28th. Without disclosing the imperative need, the cashier and the president of the McCredie Bank called at the home of the president of the Portland Bank and pursuaded the Portland Bank to transfer the sum of $5500 from its correspondent bank in St. Louis to the account of the McCredie Bank in the Stock Yards National Bank, which was the correspondent of the McCredie Bank. This transfer was made by wire from the Portland Bank to its correspondent. In payment of that transfer, the officials of the McCredie Bank gave to the Bank of Portland a note signed by the McCredie Bank in the sum of $2500. This note is not involved in this case. Certain customer's checks drawn on other banks were delivered. These checks were paid and are not involved in this case. A check was given by the Portland Bank to the McCredie Bank for $1472.60 drawn on its account at the Calloway Bank, located at Fulton, Missouri. This check was put in the usual course of collection, but did not arrive at the Callaway Bank until after the McCredie Bank was closed. This check of course, was not paid and the nonpayment of this check is the foundation of this claim.

The account of the McCredie Bank in the Callaway Bank, was not, on the date the check was given, sufficient to pay this check. At the

time the McCredie Bank closed, it had on deposit the sum of $1558.90 at the National Stock Yards Bank. This sum represented the balance of the money deposited by the Portland Bank to the credit of the McCredie Bank after paying the outstanding drafts of the McCredie Bank. In due time the claim was presented for the amount of $1472.60 claimed by the Portland Bank to be a preferred claim. The claim was allowed as a general claim, and from the refusal to allow said claim as a preferred claim, the Bank of Portland has appealed to this court.

The appellant relies upon the case of St. Louis San Francisco Ry. Co. v. Millspaugh, 278 S. W. 786. The facts in that case were that a railroad agent bought drafts and gave cash, or checks which were paid, therefor. The drafts were drawn on a Kansas City Bank. The drafts were duly presented. Payment was refused because the Bank was in the hands of the Commissioner of Finance. The ruling in St. Louis San Francisco Ry. Co. v. Millspaugh, supra, rests upon the case of Stoller et al. v. Coates, 88 Mo. 514. In that case it was expressly held that there was no relation of debtor and creditor created. It further held that where a bank sells a draft to another bank and receives cash therefor, knowing or having reason to believe it is insolvent and the draft will not be paid, it is a fraud, and the purchaser of the draft will be allowed to rescind the purchase and recover the money paid therefor, as the purchaser of the draft was not a general creditor. In the case at bar the relation of debtor and general creditor was definitely established by the transfer of the funds from the correspondent of the Portland Bank to the correspondent of the McCredie Bank. The McCredie Bank undertook to pay the Portland Bank but failed in the amount of the check, to-wit: $1472.60, to pay the Portland Bank in full. Again in the case at bar the McCredie Bank did not receive cash for the check of $1472.60 but undertook to discharge its indebtedness to the Bank of Portland by the giving of the check which was dishonored.

We think, therefore, that the case of St. Louis San Francisco Ry. Co. v. Millspaugh, supra, is not in point.

The case of Thompson v. Bank of Syracuse, 278 S. W. 810, is relied upon. In that case a note was deposited in the bank for collection and the court held that the money realized therefrom was impressed with the trust. It is not contended that the funds in the Callaway Bank were impressed with a trust.

The case of Federal Reserve Bank v. Millspaugh, 282 S. W. 707, was a case in which the relation of principal and agent and not that of debtor and creditor was created. In the case at bar we think the relation of debtor and creditor was established.

The case of Bank of Poplar Bluff v. Millspaugh, 281 S. W. 733, held that when a bank receives a draft for collection and remittance only,

122

no title passed; and that no relation of debtor and creditor was established.

In the case of Federal Reserve Bank v. Quigley, 284 S. W. 164, it is held that under the facts the relation of principal and agent was created and not that of debtor and creditor.

None of the cases cited by appellant seem to be exactly in point.

The mere drawing of a check is not a transfer of the money, nor does it create a lien on the money. [Merchants National Bank v. Coats et al., 79 Mo. 168.]

The transfer of the credit from one bank to another or the extending of the credit by the Bank of Portland to the Bank of McCredie simply created the relationship of debtor and creditor and, therefore, the Bank of Portland is not entitled to have its claim preferred. [American Bank v. People's Bank, 255 S. W. 943.]

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.