Campbell *v.* Pettengill.

CAMPBELL *vs.* PETTENGILL & *al.*

Though there be no funds in the hands of the drawee of a bill of exchange; yet if the bill be drawn under such circumstances as might induce the drawer to entertain a reasonable expectation that the bill would be accepted and paid, he is entitled to notice.

If the holder of a bill of exchange, who is entitled to an absolute acceptance, takes a special and conditional one, he cannot resort to the drawer but upon failure of the drawee to pay according to the terms of such limited and conditional acceptance.

THIS was *assumpsit* for the price of certain logs sold; with a count on an order for the same sum, drawn by the defendants, of the following tenor :—" *Orono, June* 13, 1827.   *Thomas Bartlett,* Esquire, collector and treasurer of the *Penobscot*-boom-corporation. Please to pay *Henry Campbell* or the bearer ninety seven dollars and seventy seven cents being for value received."   This was accepted, in these terms :—" *July* 9, 1827.   Accepted to pay when in funds of the *Penobscot*-boom-corporation.   *Thomas Bartlett,* treasurer of said corporation."   On the back of the order was an indorsement of $46 52, received *Sept.* 14, 1827, in part payment.

It appeared, at the trial before *Perham J.* in the court below, that the plaintiff, in *June* 1827, delivered the order to a third person, with directions to call on the drawers for payment, which he did; and they acknowledged that the order was due, and ought to be paid; and one of them agreed to meet him at *Bangor* on a certain day, and pay the amount, " if there were funds."   They met accordingly; but the drawer observed that they had not funds, and that the order ought to be presented to the drawee for his acceptance; which thereupon was done.   In *August* following the holder had some farther conversation with *R. H. Bartlett,* one of the drawers; in consequence of which he gave up all expectation of receiving payment for the order, and returned it to the plaintiff.   The defendants made no objection to the want of notice; but declined payment because they were not in funds.   The treasurer, during all this period, had no cash funds of the corporation in his hands, but

Campbell *v.* Pettengill.

held its negotiable securities and other evidences of debt to the amount. He was also indebted in a small balance of account to *Pettengill,* one of the defendants; and to the house of *Bartlett & Davis,* of which the other defendant was one.

Upon this evidence *Perham J.* ruled that the drawee had sufficient funds in his hands to justify the defendants in making the draft; and that proof of a demand and notice was necessary to entitle the plaintiff to maintain the action. To which the plaintiff took exceptions, the verdict being against him.

*Rogers,* in support of the exceptions, argued that the drawers were personally liable, because they had no funds in the hands of the drawee. *Stackpole v. Arnold,* 11 *Mass.* 27 ; *Mayhew v. Prince, ib.* 54. And whether they had or not, should not have been determined by the judge, but by the jury. *Walwyn v. St. Quintin,* 2 *Esp.* 515 ; 1 *Bos. & Pul.* 652 ; *Chitty on bills,* 271, note *a ; Hoffman v. Smith,* 1 *Caines,* 257. But if the drawee had funds in his hands, they were the funds of the corporation, and not of the drawers ; who therefore, having no interest in these funds, nor power to withdraw them, could not be injured by the want of notice. The drawers had no reasonable expectation that the draft would be accepted and paid. *Robbins v. Ames,* 20 *Johns.* 150 ; *Orr v. Maginnis,* 7 *East* 359 ; *Legge v. Thorp,* 12 *East* 171.

*J. McGaw* and *Moody,* for the defendants, cited *Chitty on bills,* 235, 256, 268; *Rucker v. Hiller,* 16 *East* 43 ; *Brown v. Maffy,* 16 *East* 43; *Blackham v. Doren,* 2 *Campb.* 503; *Bailey on bills,* 199 ; *Prideaux v. Collier,* 2 *Stark.* 57.

WESTON J. delivered the opinion of the Court in *Cumberland,* at the adjournment of *May* term in *August* following.

In the case of *Bickerdike v. Bollman,* 1 *D. & E.* 405, it was laid down by the court, that where the drawer has no effects in the hands of the drawee, no notice is necessary. In *Blackham v. Doren,* 2 *Campb.* 503, Lord *Ellenborough* lamented that this exception to the general rule requiring notice, had ever been established. The same regret had been before expressed by *Eyre C. J.* in *Walwyn v. St.*

Quintin, 1 Bos. & Pul. 654, and by Lord Alvanley in Clagg v. Cotton, 3 Bos. & Pul. 241. And in Claridge v. Dalton, 4 Maule & Selwyn, 226, Le Blanc J. says "every new case makes one regret that the rule in Bickerdike v. Bollman, for dispensing with notice, was ever introduced." The courts in England have frequently refused to extend the principle of that case, and it has been limited and qualified by subsequent decisions. Thus where the drawer has effects when the bill is drawn, but none at the time of its dishonor; or where there is a running account, and a fluctuating balance; or a bona fide expectation of assets; where he has no assets at the time of drawing, but has assets before the bill becomes due, notice is necessary. Orr v. Maginnis, 7 East, 359; Brown v. Massey, 15 East, 221; Rucker v. Hiller, 16 East, 43; Thackray v. Blackett, 3 Campb. 164.

In Claridge v. Dalton, Lord Ellenborough says "even where there are not any funds, if the bill be drawn under such circumstances, as may induce the drawer to entertain a reasonable expectation, that the bill will be accepted and paid, the person so drawing is entitled to notice." And in the same case, Le Blanc J. remarks, "I perfectly agree that it is not necessary that the drawer should have effects or money in the hands of the drawee, either at the time when the bill is drawn, or when it becomes due. For if the bill be drawn in the fair and reasonable expectation, that in the ordinary course of mercantile transactions it will be accepted or paid when due, the case does not range itself under that class of cases, of which Bickerdike v. Bollman is the first."

There is certainly ground to contend that the defendants had reasonable expectations that their order would be accepted, of which its actual acceptance, and partial payment, might be regarded as evidence. But we do not place the decision of the cause upon this point.

The plaintiff, the payee and holder of the bill, might have required an absolute acceptance, without which he might have treated the bill as dishonored; but having received a special and conditional acceptance, he must abide by its terms. Parker v. Gordon, 7 East, 387; Gammon v. Schmoll, 5 Taunton, 344; Sebag v. Abit-

*bol,* 5 *Maule & Selw.* 462. It does not appear that there has been any failure, on the part of the acceptor, to pay according to the terms of the acceptance. He was to pay, when in funds of the *Penobscot* boom corporation. He had no cash funds at the time, but he had demands which were good and available, and subject to his control as treasurer. But these, until collected, were not funds, within the meaning of the acceptance. He has paid one half the bill ; and is holden to pay the residue, when in funds. Under these circumstances, independent of the objection arising from the want of notice, it cannot be pretended that there is any legal ground to charge the drawers, until there has been a violation of the terms of the acceptance. No evidence to this effect has been adduced ; but the testimony was, that up to the time of trial, the acceptor had no funds of the boom corporation, with which to pay the bill. Upon this ground we are satisfied that the verdict is right. The exceptions are accordingly overruled ; and there must be

*Judgment for the defendants.*