LUTHER R. FORD, Appellant, *v.* ERNST C. ANGELRODT AND ROBERT BARTH, Respondents.

1. *Bill of Exchange—Acceptance.*—The holder of a bill of exchange is entitled to an absolute and unconditional acceptance according to the tenor of the bill, and may reject any other. If he rely upon a conditional acceptance, he must show affirmatively that the condition has been complied with.

2. *Account—Assignment—Bill of Exchange.*—Under the statute, an account may be assigned in writing. A bill of exchange drawn upon a particular fund does not operate as an equitable assignment of the fund although the drawee promise to pay any balance that may be in his hands. (Kimball v. Donald, 20 Mo. 577.)

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought by plaintiff against defendants on a bill of exchange or draft for $387.47, drawn by one Charles W. Wernz on the defendants. The plaintiff in his petition alleged that on the 9th day of May, 1857, the defendants rendered to one Charles W. Wernz "an account stated," whereby they acknowledge that they owed said Wernz the sum of $387.47; that Wernz on the 3d of September, 1857, and for value received, assigned and delivered to plaintiff said account, and then and there made his certain writing, paper, or draft, whereby he ordered the defendants to pay to the order of Elias Brevort, at sight, the sum of $387.47, the balance due as per their statement of January, 1857, thereby ordering the payment due on said account; that Wernz delivered the draft to Brevort to collect the same for plaintiff; that Brevort endorsed the draft to W. S. McKnight & Co. to collect the same for plaintiff; that in September, 1857, Wernz ordered Brevort to pay to plaintiff whatever he might collect from defendants; that Brevort agreed to do so; that the draft was presented to defendants, and they accepted the same; that on 29th October, 1857, the draft was presented to defendants for payment; that payment was refused, and the draft protested in due form for non-payment; that afterwards in 1861 W. S. McKnight, the holder of the draft, endorsed it over to plaintiff; that he is the legal holder and owner thereof, and

as such asks judgment for principal, interest, damages and costs, and also prays for general relief.

The answer of the defendants admitted that they had in their hands $387.47 belonging to Charles W. Wernz, and subject to his order; asked proof of the assignment of the account, of the drawing and endorsements of the draft, and denied the acceptance by defendants of the draft sued on. The answer further alleges that in 1858 and in 1859, and before the commencement of this action, Wernz, the drawer of the draft, directed the defendants not to pay the money in their hands to plaintiff, or any other person, unless ordered by plaintiff.

To support the issues made by the pleadings, the plaintiff give in evidence an account between Angelrodt & Barth and C. W. Wernz, commencing in January, 1854, running to January, 1857, and dated May 9, 1857; the account showed a balance of $387.47 in favor of Wernz on that day.

The plaintiff proved by the defendant Barth that said account was rendered by Angelrodt & Barth to Wernz and sent to him at New Mexico; that the amount of said account was all they owed Wernz, and that they still had that amount in their hands.

There was no evidence tending to show when the account was received by Wernz, nor was there any evidence given by plaintiff of an assignment, in writing or otherwise, of this account, or of the amount therein specified to be due, except as hereinafter stated.

The plaintiff also gave in evidence a paper without any date, nor directed to any person, but proved to have been signed by Angelrodt & Barth :—"The two receipts must be signed by Mr. Wernz with his full German names, viz., Carl Wilhelm Wernz, and not Charles W. Wernz, in presence of a civil officer who keeps a seal, and both certified by said officer. The best is a clerk of a court, as a notary public has to attach the certificate of the Governor to his own. If Mr. Wernz was near Santa Fé and could sign the two receipts before C. P. Clever, Esq., at that place, whose signature and

seal are known to me, it would be best, and needs not the Governor's certificate. By receipt of these two documents, Mr. Wernz's draft will be promptly paid by Angelrodt & Barth at their office. Yours, &c., E. C. Angelrodt."

There was no parol evidence whatever tending to show to whom this paper was directed, by whom delivered, when it was executed, or to what particular draft or transaction it referred.

The plaintiff also gave in evidence a draft in the following words:

Fort Buchanan, N. M., Sept. 3, 1857.

Gentlemen:—At sight, please pay Elias Brevort, or order, three hundred and eighty-seven ($387) $\frac{47}{100}$ dollars, due as per statement January, 1857.

$387.47.                              CHARLES W. WERNZ.

Messrs. Angelrodt & Barth, St. Louis, Mo.

[Endorsed,] Pay to W. S. McKnight & Co.—Elias Brevort. [and] Pay to Luther R. Ford, or order, without recourse on us.   March 13, 1861.—Wm. S. McKnight & Co.

To this draft is attached a notarial protest in due form and dated October 29, 1857.

The plaintiff proved the handwriting of Wernz, the drawer, and of Brevort and McKnight, the endorsers; that the draft was sent by Brevort to McKnight for collection; that after the draft was protested it was delivered by McKnight to plaintiff. It appears from the face of this paper that the assignment of the draft to Ford was made more than three years after the protest.

The plaintiff also offered in evidence a paper in the following words:

Mr. E. Brevort:—Please deliver to L. R. Ford the money, draft, or check, that you may receive for or upon the papers forwarded to St. Louis by you for me.  Fort Buchanan, N. M., Sept. 16. 1857.—C. W. Wernz.

Accepted.—Elias Brevort.

And the plaintiff proved that the signatures of C. W. Wernz and Elias Brevort on said paper are genuine.

There was no evidence tending to show that any other pa-

per than the draft was ever sent to St. Louis by Brevort, nor was there any evidence tending to show how the plaintiff obtained possession of the account rendered by Angelrodt & Barth to him.

The defendant offered evidence tending to show that, in 1859, Wernz repeatedly wrote to and directed the defendants not to pay any money to the plaintiff, but to await his further orders.

The plaintiff then asked four instructions, all of which were refused; and the court gave an instruction, that upon the evidence the plaintiff could not recover.

The plaintiff took a non suit, filed his motion for a new trial, (which was overruled,) and perfected his appeal.

*Mumford*, for appellant.

I. The first question in this case is, was there a transfer of a particular or a specific fund to the plaintiff? In the case of Rochet v. Grandell, 15 Eng. L. & Eq., is the latest and ablest review of the law as to what will amount to a transfer of a particular fund. The law, as there stated, is, that "any agreement between a debtor and a creditor that the debt owing should be paid out of a specific fund coming to the debtor, or an order given by a debtor to his creditor upon a person owing money or holding funds belonging to the giver of the order, directing such person to pay such funds to the creditor, will create a valid equitable charge upon such fund; in other words, will operate as an equitable assignment of the debt or fund to which the order refers."

It is certainly the fact that a general bill of exchange before acceptance will not operate as an assignment for the amount that it calls for, but it is as certainly true that an order or a bill for a specific fund will operate as an assignment of the fund. (Smith v. Sterrett, 24 Mo. 262.)

If there is any evidence of the slightest character to establish the case, the court cannot take the case from the jury. In this case it will be seen by the pleadings, the petition, and answer, that the plaintiff alleged an assignment of the account

to him, and gave in evidence the account, the order on the defendants, and the order in writing to Brevort to pay to the plaintiff, which B. accepted. From this and other facts, the court had no right to take the case from the jury. The jury are the sole judges of the weight and sufficiency of the evidence, and the court cannot be judge to expound the law and jury to judge of the weight of evidence; then from the evidence in this case the plaintiff had the right to go to the jury on the case he made, and the court erred in refusing his instructions, and in giving the instruction that he could not recover. (Winston v. Wales, 13 Mo. 569; McGover v. Whitney, 1 Mo. 613; Whitney v. State, 8 Mo. 165; Hulseman v. Citizen's Railw. Co., 34 Mo. 45.)

Courts of law will protect assignments. (R. C. 1855, § 8, p. 371, and cases there cited; 17 Johns. 97.) An order for the whole amount is an assignment. (Walker v. Mauro, 18 Mo. 564.)

*Taussig & Kellogg*, for respondents.

I. The plaintiff has failed entirely to prove that defendants accepted the draft sued on. The paper given in evidence is no evidence of the acceptance of the draft.

II. If the plaintiff has failed to prove an acceptance, it matters not whether the evidence discloses a state of facts upon which the plaintiff could recover. If the plaintiff intended to recover of the defendants as the assignee in equity of the amount due by defendants to Charles W. Wernz, he has set forth no such case in his pleadings and cannot recover on that theory. (Link v. Vaughn, 17 Mo. 585; Beck v. Ferrara, 19 Mo. 30; Duncan v. Fisher, 18 Mo. 403; Robinson v. Rice, 20 Mo. 229; Pensenneau v. Rice, 22 Mo. 27.)

We contend that a draft or bill of exchange drawn by a creditor on his debtor cannot, before acceptance, take effect as an equitable assignment of the fund on which it is drawn, although there may be directions at the foot of the bill charging or designating a particular account. (Kimball v. Donald, 20 Mo. 577.)

LOVELACE, Judge, delivered the opinion of the court.

The question in this case is whether the court erred in taking the case from the jury, by instructing them that upon the evidence the plaintiff could not recover. Two points are raised by the bill of exceptions and brief: *First*—The plaintiff insists that the defendants accepted the bill sued on, and seeks to recover on their acceptance. *Secondly*—The plaintiff insists that there was an equitable assignment of the funds in the hands of the defendants belonging to the drawer of the bill.·

I. The evidence shows that the defendants agreed to pay the bill provided the plaintiff would procure certain receipts from Wernz, the drawer of the bill, who at that time lived in New Mexico, and these receipts were never procured. This conditional acceptance was written on a separate piece of paper and made no reference whatever to the bill in question. But there were other circumstances in the case that would enable the jury to determine whether the conditional acceptance referred to this particular bill, and so far as that was concerned it might have been submitted to the jury. But there was no evidence showing, or tending to show, that the conditions of the acceptance were ever complied with by the holder of the bill; indeed, the plaintiff's counsel admits that they never were. The holder of a bill is entitled to an absolute and unconditional acceptance according to the tenor of the bill, and he may reject any other. (Sto. on B., § 240.) But if he relies on a conditional acceptance, he must show affirmatively that the condition has been complied with.— (*Id.*) The drawee of a bill is under no legal obligations to the holder to accept, and he may impose any conditions on the acceptance that he sees proper, and the holder or payee may rely on the acceptance and comply with the conditions, or he may reject it and have his bill protested for want of acceptance. In this case there was no evidence to show that the payee had ever complied with the conditions of the acceptance, and therefore there was no evidence upon which

the plaintiff could recover upon an accepted bill, and in this respect the court below committed no error; and this, perhaps, would be sufficient to dispose of the case, for the petition clearly seeks to recover upon an accepted bill. But inasmuch as the bill of exceptions and briefs of the parties raise the other question, it might as well be decided.

II. Did the bill operate as an equitable assignment of the funds belonging to the drawer in the hands of the drawee? The facts as proven show that on the 3d September, A. D. 1857, one Charles W. Wernz executed and delivered to Elias Brevort a certain written order, of which the following is a copy: [See statement, p. 52.]

The evidence also shows that at the same time Wernz executed the above order, he delivered to Brevort a statement of accounts rendered by defendants to Wernz, showing an indebtedness on the part of defendants to said Wernz in the sum of three hundred and eighty-seven 47-100ths dollars; and that Wernz gave an order to Brevort, at the same time, to deliver to the plaintiff the money, draft, or check, which he might receive on said papers.

Upon this state of facts, it is contended that there was an assignment of the fund in the hands of defendants to the plaintiff. Under our statutes an account may be assigned in writing, and it is not absolutely necessary that the assignment should be upon the same piece of paper with the account; but the assignment ought to show with reasonable certainty a present intention on the part of the assignors to transfer the account, and a present willingness on the part of the assignee to accept the account; and where it is perfectly convenient for the parties to write the assignment on the account, it is certainly the easiest way to express the intention of the parties; and it will at least throw some doubt upon the intention of the assignor, when the account is in the possession of the assignor at the time it is claimed that the assignment was made, and he fails to endorse the assignment on the account. If Wernz intended to assign the account

to the defendants, why did he not write an assignment on the back of the account and send it at once to the plaintiff? Why the necessity of this separate order, payable not to the plaintiff but to Wernz's own agent, unless he intended to retain some control over the fund ? But the transaction wants one very essential element of an assignment. It nowhere appears that Wernz ever delivered the account to the plaintiff, or ever ordered any person to deliver it to him: he ordered his own agent (Brevort) to collect the order or draft which he gave him on the defendants and pay the proceeds to the plaintiff. From anything that appears in the evidence, there was no privity of contract whatever between Wernz and the plaintiff; and the only right of action which the plaintiff shows is the draft or bill sued on, which was endorsed by Brevort to McKnight & Co., and by McKnight & Co. to the plaintiff.

But, after all, the instrument sued on is a bill of exchange, and not a mere order to pay over a particular fund. (Sto. on B., § 3.) It is payable to Brevort, or order. It shows upon its face that it was intended to be negotiated, and it was negotiated, and it is only by virtue of its negotiable character that the plaintiff has acquired any title in it ; and, we think, that after being refused acceptance it would not operate as an equitable assignment of the fund. In Kimball v. Donald, 20 Mo. 577, it was held by this court, that a bill drawn upon a particular fund mentioned in the bill could not have the effect of an equitable assignment, although the drawee had promised to pay any balance that might be in his hands. In this case if the bill was to have the effect of an equitable assignment, that equity must be in favor of the payee mentioned in the bill; but he treated it as a mere bill of exchange, and so did his assignees, McKnight & Co.

In Kimball v. Donald, Judge Leonard, adopting the language of Lord Chancellor Truro, in Hadock v. Gaudell, (15 Eng. L. & Eq. 30,) says : " An agreement between a debtor and a creditor that the debt owing should be paid out of a specific fund coming to the debtor, or an order given by a debtor to his creditor upon a person owing money or holding

funds belonging to the giver of the order, directing such person to pay such funds to the creditor, will create a valid equitable charge upon such fund ; in other words, will operate as an equitable assignment of the debt or fund to which the order refers." " But," says the same learned judge, " if there be anything from which a different intention ought to be inferred, as where the fund is to pass at a future day, the ·matter resting for the time being in agreement, or where the party retains the subject under his own control by giving the order, not to the assignee but to his own agent, the transaction is not allowed to have the effect of a present transfer."

The case at bar falls within two of the exceptions named in Kimball v. Donald: 1. The proceeds of the draft were to pass to the plaintiff at a future time—that is, after Brevort had collected it from the defendants ; and 2. Wernz retained control over the subject by giving the order to his own agent.

We think there was no evidence showing an assignment under the statute, or an equitable assignment of the fund in the hands of the drawee. There was no error in the court instructing the jury that there was no evidence upon which the plaintiff could recover.

Judgment affirmed. The other judges concur.