TAYLOR v. NEWMAN, *Appellant.*

77   257
34a  367
35a   52

77   257
36a  510
37a  553

77   257
151  115
77a  499

77   257
158  423

1. **Bill of Exceptions.** This court will not disregard a bill of exceptions as having been filed after the term, unless that fact appears affirmatively by the record.

2. **Inland Bill of Exchange:** CONSIDERATION: PLEADING. An instrument in this form: " Building committee will pay G. W. T. the sum of $126.25 and charge to (signed) N. and L.," is an inland bill of exchange, and as such, under the law merchant, imports a consideration without the words "value received." In declaring upon such an instrument no consideration need be alleged.

3. **Bill of Exchange:** ACCEPTANCE: PLEADING. In an action against the drawer of a bill of exchange payable on demand, the petition alleged a conditional acceptance the effect of which was to postpone payment, but failed to allege that the drawer had had timely notice of the nature of the acceptance and had consented to it, or that the drawee had not kept the terms of his acceptance, or to make averments showing that as between the drawer and drawee the former had no right to draw the bill. The reply, however, did allege that after non-payment of the bill the drawer, with knowledge of the acceptance and non-payment, agreed to pay. *Held,* that for want of some one of the averments so omitted from the petition it should have been held bad on demurrer to the evidence; *Held* also, that the defect was not cured by the reply.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-
HARTT, Judge.

REVERSED.

*Chas. A. Winslow* for appellant.

*T. B. Kimbrough* for respondent.

MARTIN, C.—This action was commenced in the Randolph county circuit court June 14th, 1876, on the following order :

Building Committee, Methodist Church, will pay G. W. Taylor the sum of $126.25, and charge to

NEWMAN & LESSLEY.

September 9th, 1872.

The petition alleges that the order was delivered to

17—77

Taylor v. Newman.

plaintiff and by him presented to John B. Taylor, one of the building committee, who wrote upon the back of it the following acceptance:

Accepted, provided the committee owe the amount on settlement; if not, then as far as they owe.

JOHN B. TAYLOR, for Committee.

September 9th, 1872.

That afterward, on a blank date, said John B. Taylor had a settlement with Newman & Lessley, and thereafter wrote this indorsement on said order: "There is nothing coming to Newman & Lessley from said building committee. John B. Taylor, for committee." That the order was given with the knowledge that a settlement must take place between Newman & Lessley and the Building Committee before anything could be paid on same; that after said settlement plaintiff gave Newman & Lessley notice that said order had not been paid, and demanded payment thereof from them. Judgment is asked for the amount of the order with ten per cent interest from its date.

Defendant, in his answer, admits the execution of the order, alleging that, at the time it was given, the Methodist church owed Newman & Lessley the amount thereof, denies that said firm ever had any final settlement with the Building Committee, and alleges that plaintiff agreed to accept said order upon said committee in full payment for the amount therein contained then owing by defendant individually, and by Newman & Lessley as a partnership, upon open account to the plaintiff, and to use all due and proper and necessary diligence in the collection of the same from said committee. It is then alleged, that plaintiff failed to use any diligence in the collection of said order, and failed and neglected to take any proceedings for the collection of same, that he extended the time of payment without the consent of defendant, and that he failed to notify defendant of the failure to pay same until the commencement of this suit. It is denied that the order was ever duly presented as charged.

Plaintiff, in his replication, traverses the allegations of the answer specifically; and alleges that, upon being notified of the non-payment of said order by said committee defendant did thereupon agree and promise to pay plaintiff the full amount on said order, and defendant then and there agreed that plaintiff should hold said order as a demand against him for the amount of money therein named.

The issues were tried by jury at the March term, 1878, of said circuit court, and resulted in a verdict for plaintiff in the sum of $195.37. At the trial the plaintiff read in evidence the order and indorsement as stated in the petition, the execution of which was admitted by defendant. The plaintiff next testified to the circumstances under which the order was taken; and said that he told defendant that the committee on whom it was drawn claimed they did not owe Newman & Lessley anything, but that he would take the order and credit the account with anything received on it; that defendant said he owed it and would pay it if the committee did not; that the indorsement of September 9th was made on it, when presented, on the day it was drawn; that the order was presented the second time to the committee, who declared they did not owe and would not pay anything on it, and thereupon made the second indorsement on it to that effect; that defendant was not present and did not at the time know of the second indorsement; that plaintiff then notified defendant of the refusal of the committee to pay, and defendant said he would pay every cent of the order; that he did not know of any settlement between Newman & Lessley and the committee, and did not know that anything was due them, that the order was taken under the belief it would not be paid, which was communicated to defendant, and that plaintiff told defendant at the time he would do no more than present it; that he was not to institute proceedings upon it, but only to present it for payment.

Before the plaintiff concluded his own testimony the defendant objected to the introduction of any evidence at

all, on the ground that the petition did not state facts sufficient to constitute a cause of action, which objection was overruled.

The defendant was produced in behalf of himself. The court refused to permit him to testify that the building committee was indebted to Newman & Lessley, or that there had or had not been a settlement. He was allowed to testify that he did not know of the refusal of the committee to pay until April, 1873; that the plaintiff was never authorized by defendant to take a conditional acceptance, and that defendant did not know of such acceptance until long after. Defendant offered to prove that the indebtedness of the committee to Newman & Lessley was for work and labor done on a church, for which, at the date of the order, they had a mechanic's lien, which was lost by taking the conditional acceptance and extending the time. This evidence was excluded. Defendant testified that he did not remember telling plaintiff he would pay every dollar of the order, or that he would pay it when he got money from Tennessee. Another witness was produced, who offered by receipts, papers and statements to prove that the building committee was indebted to Newman & Lessley at the date of the order, but was not permitted to so testify. This concluded the evidence.

The following instructions were given for plaintiff:

1. The jury are instructed that the execution of the order by defendant and Lessley is admitted by defendant.

2. Although the order is given in the firm name of Newman & Lessley, yet plaintiff may recover against defendant.

3. If the jury believe from the evidence that Taylor presented the order to the building committee, or two of them, within a reasonable time after the execution, and they refused to accept it unconditionally, and he informed Newman of the fact and Newman agreed to pay it, they will find for plaintiff.

Taylor v. Newman.

The court refused the following instructions asked by defend

1. The jury are instructed that, under the testimony in this case, plaintiff cannot recover.

2. The jury will find for the defendant, unless they believe from the evidence that there was a settlement between the building committee and Newman & Lessley, or that Newman waived the necessity of a settlement, and agreed to pay the order, after failure to pay by the committee, notwithstanding there had been no settlement.

3. The building committee is, under said order, personally liable to the plaintiff for the payment of said order, and unless the jury believe from the evidence that the same was duly presented by plaintiff to said committee for acceptance, and payment of same was refused by said committee, and said order protested for non-payment, and notice of said protest given to defendant, the jury will find for defendant, unless they further believe from the evidence that defendant waived the necessity of notice of non-payment.

4. The jury are instructed that plaintiff cannot recover under the pleadings in the case, on the testimony offered.

5. If the jury believe from the evidence in this cause that defendant gave the order in question, the law presumes that he had funds in the hands of the drawee sufficient to meet its payment, and if the payee received a conditional acceptance on said order, without the consent of defendant, postponing the payment of said order until a settlement was made between defendant and said building committee, then plaintiff cannot recover until he shows said settlement to have been made and nothing due defendant.

6. It devolves upon plaintiff to prove said settlement, and that there is nothing due defendant, before he can recover in this cause.

The first point urged by respondent's counsel for affirmance of the judgment is, that the bill of exceptions

Taylor v. Newman.

**1. BILL OF EXCEPTIONS.** appearing on the record was filed at a period of time subsequent to the term at which the trial took place, and while this was done by leave of court, the record fails to disclose that it was done with the consent of the parties. When a bill of exceptions is filed after the term at which the case was tried or motion for new trial disposed of, two conditions are necessary, according to the decisions of the Supreme Court, to make it a part of the record; there must be a consent or stipulation of the parties, and an order of court to the same effect. *McCarty v. Cunningham*, 75 Mo. 279. I may add what is probably implied in the foregoing condition, viz: that the bill must also be filed within the time limited by the stipulation and order. In this case the defendant obtained leave of the court to file his bill of exceptions by the 26th of March, 1878. This order of the court was made on the 11th of March, 1878. The record recites that "afterward, on the 23rd day of March, 1878, the defendant filed in the clerk's office of said court his bill of exceptions." The certificate of the clerk to the transcript of the record refers to the bill in the transcript as a full, true and complete " copy of the bill of exceptions on file in said court in the cause therein named." There is nothing in the record to sustain the assumption that the 23rd or the 26th of March, 1878, was after the lapse of the term. There is nothing to show that the term had been adjourned and that the bill was filed in vacation. Under this state of facts the present bill will have to be accepted as part of the record. *Pershing v. Canfield*, 70 Mo. 140; *Weil v. Jones*, 70 Mo. 560.

In passing upon the errors complained of by appellant, I will consider the action of the court in refusing to sustain his objections to the admission of any testimony for the reason that the petition did not state facts sufficient to constitute a cause of action. It will be seen from the petition that the plaintiff has brought his suit, not upon the debt supposed

**2. INLAND BILL OF EXCHANGE: consideration: pleading.**

to have been due to him from Newman & Lessley, but upon the instrument of writing delivered to him by them, which is described in the petition. This cause of action must be controlled by the law governing such instruments. The principal objection now urged to the sufficiency of the petition relates to the failure of the instrument to recite a consideration and to the failure of the petition to set out any consideration for it.

Of course, under our statute a promissory note must contain the words "value received" to be a negotiable instrument. Wag. Stat., 216, § 15; R. S. 1879, § 547; *Bailey v. Smock*, 61 Mo. 213; *International Bank v. German Bank*, 3 Mo. App. 362. But another provision of our statute expressly declares that any instrument in writing wherein the maker promises to pay any sum of money or property therein mentioned to another, or to his order, or to bearer, shall import a consideration, and be payable as therein specified. 1 Wag. Stat., 270, § 6; R. S. 1879, § 663; *Lindell v. Rokes*, 60 Mo. 249. If the instrument sued on was a promise of the defendant to pay money or property, although a non-negotiable instrument, the petition would not be defective by reason of the failure to set out a consideration. The instrument, however, is not a promissory note either negotiable or non-negotiable; neither is it a check on a bank, or an order transferring any particular fund. It has all the essential elements of a draft or inland bill. 1 Edwards Bills and Notes, § 1; *Ford v. Angelrodt*, 37 Mo. 50. It is an absolute order on the drawee to pay the plaintiff $126.25, and charge the same to the drawers. It is not necessary that a bill of exchange, either foreign or inland, should recite that it is for "value received." Being an order for the payment of money to another it imports, under the law merchant, a consideration, without such recital. 1 Edwards Bills and Notes, (3 Ed.) § 202; *Jeffries v. Hager*, 18 Mo. 272; *Kinsman v. Birdsall*, 2 E. D. Smith 395; *Coursin v. Ledlie*, 31 Pa. St. 506. See *Ford v. Angelrodt*, 37 Mo. 50. To obtain the statutory

damages of four and ten per cent, it is necessary that bills of exchange in this State should recite that they are for " value received." R. S. 1879, § 540; *Phillips v. Evans*, 64 Mo. 17; *Lowenstein v. Knopf*, 2 Mo. App. 159. When such damages are not wanted, the bill is in all other respects a negotiable instrument, and imports a consideration without the words " value received." 1 Edwards Bills and Notes, (3 Ed.) 202. I am satisfied it was not necessary in suing on this instrument to allege a consideration. The objection to the petition on this account is not well taken.

But the insufficiency of the petition in another respect becomes apparent, when we come to consider more closely 3. BILL OF EX- the commercial character of the instrument CHANGE: accept- ance: pleading. sued on. It implies that Newman & Lessley either had $126.25 in the hands of the building committee of the church, subject to their order, or that by reason of the promise of the committee or course of dealings or condition of accounts between them, Newman & Lessley had reasonable expectation to believe that their order for that amount would be honored when presented. This legal import of the written instrument, I do not think could be changed by evidence of conversations between the parties at the time it was delivered, certainly not in a case in which a waiver of presentment is not pleaded. On receiving the order, the plaintiff undertook to present it for payment and notify the drawers of its dishonor. Of course no protest was necessary. As the order was payable on presentment it was not necessary to present it for acceptance. There was nothing objectionable, however, in presenting it for acceptance. If presented for acceptance and accepted unconditionally, it was payable at once, for such was its tenor and effect. If Newman & Lessley had, as between themselves and the building committee, any right to draw it at all, they had the right to require the holder to present it within a reasonable time, and notify them of dishonor. If he had presented it and it had been refused, the drawers would be liable upon simple notice of the re-

fusal of payment. The petition does not allege that it was presented for payment and notice of non-payment given to the drawers. It alleges that when presented to the committee, the committee, instead of paying it, or accepting it unconditionally, accepted it " provided the committee owe the amount on settlement; if not, then so far as they owe." It is not alleged that this acceptance was with the consent of Newman & Lessley. If they had any right to draw such an order, as between themselves and the committee, this conditional acceptance without their consent would discharge them under the law merchant. 1 Edwards Bills and Notes, (3 Ed.) § 536. It was a departure from the terms of the order; it extended the time of payment and qualified the amount to be paid.

If they had no right, as between themselves and the committee, to draw such a draft or order, then the failure to present or give notice of non-payment would be no defense against the plaintiff in an action on the instrument with proper averments of these facts. Neither, in that case, would the conditional acceptance of the drawee be a defense. If the drawers had reasonable expectation that their order would be accepted or paid, the holder was bound to due diligence in respect to presentment and notice of dishonor. Having in such a case consented to and taken a conditional acceptance, instead of an absolute one, it was, at least, incumbent on him, in enforcing his rights against the drawers, who became collateral or secondary obligors, after the acceptance, to show that the acceptors had not kept the terms of their acceptance. 1 Edwards Bills and Notes, § 596; *Ford v. Angelrodt,* 37 Mo. 50; *Campbell v. Pettingill,* 7 Me. 126; *Robinson v. Ams,* 20 John. 146. This he has failed to allege in his petition. The acceptance has two conditions controlling the liability of the acceptors; one is a settlement between the drawers and the drawees, the other is the fact of indebtedness or no indebtedness between them. He has alleged that there was a settlement. But he has not alleged that there was nothing due or owing

by the committee to Newman & Lessley. It is alleged that the committee wrote upon the order the statement that there was nothing coming to Newman & Lessley. What the committee say or wrote about their obligation is immaterial. It is incompetent evidence as against the drawers. Their statement that there is no indebtedness cannot take the place of the fact that there was nothing due or owing according to the terms of their acceptance. Accordingly it must be held that the objection to the introduction of evidence for insufficiency of the petition ought to have been sustained.

This insufficiency could not be cured or helped by an allegation in the replication that after non-payment of the order the defendant, with the knowledge of the acceptance and non-payment, agreed to pay the order. If this allegation had been in the petition, it would have cured the defect, either as a new promise, or as a waiver of all objection to the character of the acceptance and want of diligence in making it available.

This infirmity of the petition was perpetuated in the trial. The plaintiff closed his case after testifying himself as to both conditions of the acceptance, showing that neither of them had happened, expressly declaring that he did not know of any settlement and did not know whether or not anything was due and owing to Newman & Lessley. When the defendant's evidence was offered, all testimony about the conditions was excluded. The defendant was not permitted to show that a settlement had been made, or that anything was due and owing from the committee.

The instruction of defendant to the effect that plaintiff could not recover on the testimony, ought to have been given. The first and second instructions for plaintiff were correct.

The third was erroneous. There was nothing in the petition to sustain the new promise; neither was there any allegation of a waiver of diligence in respect to pursuing

the terms and conditions of the acceptance; neither is there any evidence in the case that after the order was presented to the committee, the defendant was notified of their refusal to accept unconditionally, before their conditional acceptance was written upon the paper. If the defendant with a knowledge that it had been conditionally accepted agreed to pay it unconditionally, this promise, when properly pleaded, would constitute a new contract, or would sustain a waiver of further diligence in pursuing the acceptors. If his agreement was conditional, the conditions of it would have to be complied with to make it available as a new ground of recovery.

The judgment is reversed and the cause remanded for re-trial. PHILIPS, C., concurs; WINSLOW, C., not sitting, having been of counsel in the case when the same was submitted to the court.

SHERWOOD, J., did not concur in approving the foregoing opinion.