## THE WARRENSBURG CO-OPERATIVE BUILDING ASSOCIATION v. ZOLL et al., Appellants.

1. **Check**: DRAWER: DRAWEE: ACCEPTANCE: DISCHARGE. Where a drawee, with consent of the payee, accepts a check conditionally, fixing some other time or mode of payment than is implied in the language and terms of the check, such acceptance will operate a discharge of the drawer and his sureties. But it is otherwise where the acceptance is according to the terms of the check and the payee does not consent to any delay or postponement of the day of payment.

2. ——: ——: INSOLVENCY OF DRAWEE: NOTICE OF DISHONOR. Where one draws his check on a bank which is insolvent and cannot pay, which fact he must have known at the time, and which, if solvent and able to pay, is not indebted to him even on a balance of accounts, he is not in a condition to be injured by failure to receive notice of dishonor.

3. **Assignee, Duty of**: ALLOWANCE OF DEMANDS: DISCHARGE. It is the duty of an assignee to allow or reject demands when presented to him at the proper time and place, and when allowed by him he is required to certify to that effect. But his certificate of allowance has not the effect of merging, satisfying, or in any manner changing the demand presented. The assignee's statement in his certificate that the same is received in full of all demands is extra-judicial, and nothing short of payment by him will work a discharge of the original demand.

The Warrensburg Co-operative Building Association v. Zoll.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*Samuel P. Sparks* for appellants.

(1) The acceptance of the check by the cashier discharged Zoll, the drawer. The bank became the principal and only debtor. It extended the time of payment and operated likewise to discharge Zoll's sureties, and declaration No. 3, requested by defendants, should have been given. *Williams v. Jenson*, 75 Mo. 681; *Taylor v. Newman*, 77 Mo., *loc. cit.* 264, 265; 2 Dan. Neg. Inst., §§ 1601, 1610. (2) The allowance of the check by the assignee of the bank in favor of plaintiff, and acceptance by it was a complete novation and discharge of the original debt, and defendant's instruction No. 5 should have been given. *Coy v. De Witt*, 19 Mo. 322; *Edgell v. Tucker*, 40 Mo. 523; 1 Parsons on Con. (Ed. 1866), pp. 217, 221; 1 Addison on Con. (Ed. 1881) § 374. (3) Any extension of time to the principal debtor operates as a discharge of the surety, and the effect of the acceptance of the check and the allowance in favor of plaintiff by the assignee was to extend the time of payment. 75 Mo. 681; 77 Mo. 264, 265; *Smarr v. Schnitter*, 38 Mo. 479; *Stilwell v. Aaron*, 69 Mo. 539; *State ex rel. v. Roberts*, 68 Mo. 234; Baylies on Sur. and Guar. (Ed. 1881), pp. 240, 260. (4) The allowance of the check by the assignee was an alteration or merger of the principal's contract. This released the sureties and the judgment against them was erroneous. *Stilwell v. Aaron*, 69 Mo. 539; Baylies on Sur. and Guar., p. 260, *et seq.* The certificate of allowance accepted by plaintiff reciting that it was in full of all claims against the bank, was an accord and satisfaction. *Grumley v. Webb*, 48 Mo. 562. (5) The drawer was entitled to notice of non-payment by the bank. 2 Dan. Neg. Inst., § 1586. The mailing of

notice to St. Joseph, where he had gone temporarily on business, was not due notice. *Gilchrist v. Donnell*, 53 Mo. 591.

*W. H. Brinker* for respondent.

(1) The delivery and acceptance of the check was not a payment, and, as shown by the receipt given defendant, Zoll, was not intended as such by the parties. *Appleton v. Kennon*, 19 Mo. 637; *Howard v. Jones*, 33 Mo. 583; *Block v. Dorman*, 51 Mo. 31; *Holmes v. Lykins*, 50 Mo. 399; 2 Dan. Neg. Inst. (2 Ed.), pp. 577, 578, § 1623; *Leabo v. Goode*, 67 Mo. p. 129. (2) There was no such extension of time as would release the securities. *Nichols v. Douglass*, 8 Mo. 49; *Wiley v. Hight*, 39 Mo. 130; *State v. Manning*, 55 Mo. 142; *Hosea v. Rowley*, 57 Mo. 357; *Newcombe v. Blakely*, 1 Mo. App. 289; *Coster v. Mesner*, 58 Mo. 549. (3) There was no novation of the debt, because plaintiff did not accept the check, or the certification thereof by Markey, as a discharge of the bond. *Snyder v. Kirtley*, 35 Mo. 423; *Edgell v. Tucker*, 40 Mo. 523. (4) The negligence of the holder of a check in not presenting it for payment and giving notice of non-payment, does not discharge the drawer from liability absolutely, even in the usual course of trade, unless he has suffered some injury from such negligence, and then only is he discharged to the extent of such injury. 2 Dan. Neg. Inst., § 1587. If the bank was insolvent when the check was drawn, or stopped payment before the close of business on the next day, this would be a full excuse for the holder not presenting the check at all. 2 Dan. Neg. Inst., § 1591. (5) There was no accord and satisfaction, nor did the allowance of the check by the assignee of the bank in favor of plaintiff amount to such. (6) The strict and technical rules of law applicable to negotiable paper in the commercial world, will not be invoked to shield Zoll, standing in a confidential relation, as he did, or his securities, from the consequences of a violation of his

trust. *State ex rel. v. Moore*, 74 Mo. 413; *State ex rel. v. Powell*, 67 Mo. 395.

MARTIN, C.—In this action the plaintiff sues Charles H. Zoll, and the sureties on his bond, as treasurer of plaintiff, for a balance due from him in the sum of $531.18.

At an accounting between plaintiff and said Zoll, it was ascertained that he had in his hands $774.71, belonging to plaintiff, which he was ordered to pay over. Towards a discharge of this obligation he delivered to plaintiff a check on a bank in the sum of $243.53, which need not be further noticed, as it was duly paid. He, also, delivered a check on the Warrensburg Savings Bank in the sum of $531.18, which was not paid, and which gives rise to this suit. It was stipulated in writing between the parties, that upon payment of these two checks the bond of said Zoll, as treasurer, should be returned to him, and his liability thereon released. The check on the Warrensburg Savings Bank not having been paid, the plaintiff brings this action on the bond for failure to pay the original indebtedness, towards payment of which the check was taken.

The defendants in their answer plead a release or discharge, by reason of the plaintiff's alleged failure to collect the check, or notify the drawer of its non-payment. It is further pleaded by defendants, that after the check was delivered, the bank on which it was drawn executed an assignment of its assets, and that the assignee adjusted and allowed the check in favor of plaintiff, in its full amount, and delivered to it a certificate of such adjustment and allowance, and that such certificate was received in full discharge of the check, which was surrendered to the assignee. It is claimed that this constituted a conversion of the check to the plaintiff's use, and thereby worked a discharge of the debt for which it was given.

Vol 83—7

These defences are put in issue. The case was tried by the court and judgment was rendered for plaintiff in the full amount of the demand sued on. In passing upon the merits of the case, it will not be necessary to consider anything beyond the points relied on in defendant's brief for a reversal.

I. It is argued that, as the drawee accepted the check by writing the word "accepted" on it, and by paying $28.52 on account of it, this amounted to such an extension of time as works a discharge of the drawer and his sureties. This would have been the result if the acceptance had been a conditional one, fixing some other time or mode of payment than is implied in the language and terms of the check. *Taylor v. Newman*, 77 Mo. 265. But the evidence fails to show that the acceptance was otherwise than according to the terms of the check, or that the plaintiff consented to any delay or postponement of the day of payment. Demand was made by plaintiff forthwith for the whole amount due and accepted to be paid.

II. It is useless to consider the defence relating to any pretended want of notice of non-payment. According to the evidence, the bank was insolvent when the check was drawn, and the drawer must have known this fact, for the reason that he was treasurer of the bank, as well as treasurer of the plaintiff. It also appears that Mr. Zoll's individual account was overdrawn to the extent of six or seven hundred dollars. He claimed that the bank was indebted to him for extra services in the capacity of assistant cashier. This was a disputed claim, the bank insisting that he had to look to the cashier for any compensation for such services. The evidence fails to show that even this disputed claim for extra compensation exceeded the amount of his overdraft, so as to leave anything subject to his check or order. It thus appears that Mr. Zoll drew his check on a bank which was insolvent and could not pay, and which, if solvent or able to pay, was not indebted to him

even on balance of accounts. It is evident that he was not in a condition to be injured by failure to receive notice of dishonor. He had no right to expect anything else but a dishonor of his paper.

III. When the check was presented to the assignee of the bank, it was allowed by him in its full amount. He delivered to the plaintiff a certificate to that effect. In the margin of the certificate there appears a printed statement to the effect that it is accepted in full of all demands. The check was left with the assignee upon receipt of the certificate; but it turns up at present in the hands of plaintiff. I am unable to perceive any satisfaction or merger of the check in the transaction with the assignee. It is the duty of an assignee to allow or reject demands, when presented to him at the proper time and place. When allowed by him he is required to certify to that fact. I am not aware that a certificate of allowance has the effect of merging, satisfying, or in any manner changing the demand presented. Nothing short of a payment by him can work a discharge of the original demand. The demand and the evidence thereof remain with the creditor, and the assignee, by merely allowing and classifying the demand, does not become vested with it or the evidence of it. After allowing the check and certifying to that effect, it was the duty of the assignee to return it to the owner. His statement in the certificate, that it was accepted in full of all demands was extra-judicial. The evidence fails to show that the plaintiff actually released his original demand or right of action. And if such had been his actual intention, in accepting the assignee's certificate of proof, it would not be binding on him for want of consideration, and he would be entitled to the evidence of his unpaid demand.

The defence is without merit, and the judgment is affirmed. All concur.