CARL W. LEHNHARD, Respondent, v. L. B. SIDWAY, Appellant,

Springfield Court of Appeals, November 6, 1911. Motion for Rehearing Overruled, December 8, 1911.

1. BILLS AND NOTES: Acceptance: Accommodation Acceptance: Conditional Acceptance in Separate Writing. In an action upon an accepted draft drawn by M upon defendant and made payable to a bank and transferred by the bank to its president, who brought this suit, the defendant claimed to be merely an accommodation indorser; that he accepted the draft with the express agreement at the time in a letter accompanying the draft when sent to the bank, showing that the acceptance was solely for the bank's accommodation and that defendant would never be·called upon to pay it. It was further shown that the acceptance was without consideration and that the plaintiff knew all the facts when he took the draft. It appears that this draft, together with the former and similar drafts, of which this draft was a renewal, had all been accepted with the condition of the acceptance written in a separate letter and sent with the draft· to the bank. *Held*, upon proof of the above facts that defendant was not liable upon the draft.

2. ———: ———: ———: ———: Innocent Purchaser. An acceptance of a draft may be upon a separate paper and the acceptor may impose any conditions which he may choose. A letter accompanying a draft may be used to qualify or limit an acceptance indorsed on the draft, provided the question of innocent holder is not involved in the case. This appears to have been the rule prior to the negotiable instrument law and is also recognized by said law. (R. S. 1909, secs. 10102-4.)·

3. ———: ———: ———: ———: ———. Where a bank receives a draft which has been accepted merely for the accommodation of the bank, the conditions of which acceptance are shown in a letter accompanying the draft and the bank was also the payee in the draft, the acceptance was of no effect, so far as making the acceptor liable to the bank and where the plaintiff had the draft assigned to him, with full knowledge of all the facts there could be no recovery on ·his part from the acceptor.

4. CONTRACTS: Construction: Intention. In the construction of all contracts the polar star to guide the court is the intent of the contracting parties and this intent must be gleaned from· the contract· itself and the contract must be considered as a whole.

Appeal from Webster Circuit Court.—*Hon. C. H. Skinker,* Judge.

REVERSED.

*T. D. Steele* for appellant.

(1) It is apparent from the facts in this case that under no possible view point can the judgment rendered by the trial court stand. The admitted facts show that Mr. Sidway's acceptance was altogether conditional and those conditions were set out in clear and unmistakable terms in his letters of January 3 and 8, 1908, as well as in each and every letter transmitting the drafts thereafter, to Mr. Lehnhard and the bank. Mr. Lehnhard was not and could not have been ignorant of the conditions of the acceptance. They were set forth in distinct and positive terms in the letters. It is universally laid down as a rule by the authorities that an acceptance may be made conditional by contemporaneous writing. 1 Daniel Neg. Inst., sec. 517; 4 Ency. of Law (2 Ed.) 225. (2) While in the case at bar the conditions were set forth in distinct terms in writing accompanying each of the drafts, yet conditions may be implied from circumstances as well as being expressed. Story on Bills, sec. 239. Any act which evinces an intention not be bound is a conditional acceptance. Chitty on Bills (13 Am. Ed.), 340. (3) Even though no contemporaneous writing was had transmitting the drafts from Mr. Sidway to the bank, making the acceptance conditional, yet under the facts disclosed, Mr. Sidway would have only been an accommodation acceptor. The letters written in each instance show that Mr. Sidway signed the acceptance for and at the request and accommodation of the bank and even before Mr. McQuary had signed them. Under such circumstances the bank is the accommodated party and it is well

settled rule in this state as well as elsewhere that the accommodated party cannot sue the accommodation acceptor, and the instructions asked by the defendant on that question should have been given by the court. Chicago Title & Trust Co. v. Brady, 165 Mo. 197; 1 Am. and Eng. Ency. of Law (1 Ed.) 350.

*Mayhew, Sater & Gardner* for respondent.

(1) The contract imparted by the regular acceptance of a draft is of a fixed and definite character, and is interpreted by the law. It is legally incapable of explanation, contradiction or modification by parol evidence. This rule is founded on the soundest principles of reason and public policy, as well as the weightiest authority. The reason for its application to commercial paper are more cogent, if anything, than to other written contracts. R. S. 1909, sec. 10000; Day v. Thompson, 65 Ala. 269, 17 L. R. A. 840; Martin v. Cale, 3 Colo. 113. (2) If an acceptance is absolute on its face, a contemporaneous condition cannot be shown by parol. 8 Cyc. 251. (3) An acceptance of a draft can only be conditional when so shown on its face. If Sidway signed and accepted the draft before McQuary had signed this is no defense, and no excuse, as our statute on negotiable instruments provides that a bill may be accepted before it is signed. R. S. 1909, sec. 10108. (4) The instrument speaks for itself and is an unconditional general acceptance. Although Sidway was an accommodation endorser and respondent knew it at the time, it will make no difference. R. S. 1909, secs. 10000, 10001; Moffat v. Greene, 149 Mo. 48; Bank v. Bank, 148 Mo. App. 16. (5) Want of consideration for an acceptance which was unconditional cannot be set up as a defense to an action by the payee, as by such an acceptance the acceptor is held to occupy the same position as a co-maker and having voluntarily placed himself in such a position

is estopped to set up such a plea.   Joyce's Defenses
to Commercial Paper, sec. 641; Law v. Brinker, 6 Colo.
555; Armstrong v. Bank, 133 U. S. 433.   (6)  Parol
evidence is not admissible to show that a draft drawn,
by one as an individual, was drawn in accordance with
a parol agreement between him and the payee that
he should not be bound thereon.   Bank v. Millet, 44
L. R. A. 664; Davis v. Randall, 115 Mass. 547, 28 L.
R. A. (N. S.) 504; First National Bank v. Foote, 12
Utah 157, 42 Pac. 205; Bank v. Dunn, 6 Pet. 51.   (7)
It is well settled law in this State that it is not per-
missible for the maker of a note, or acceptor of a
draft to prove that though he accepted the paper, it
was at the teme agreed he need not pay it. Bass v. San-
burn, 119 Mo. App. 107; Jones v. Shaw, 67 Mo. 307;
Bank v. Fessler, 89 Mo. App. 217; Bank v. Richmond,
139 S. W. 352.

COX, J.—Action upon an accepted draft for
$3000 drawn by J. H. McQuary upon defendant and
made payable to the First National Bank, Monett,
Missouri, and transferred by the bank to plaintiff.
Trial by court, judgment for plaintiff and defendant
has appealed.

The defense is that defendant is merely an ac-
commodation endorser and that he endorsed the draft
for the accommodation of the bank, the assignor of
plaintiff, and that there was no consideration for the
same and with the expressed agreement at the time by
contemporaneous writing that defendant should not
be called upon to pay the debt and that plaintiff knew
all the facts when he took the draft.

Plaintiff was president of the bank and all the
business relating to this draft was transacted through
him, hence he took the draft from the bank with full
knowledge of all the facts and does not claim to be
an innocent purchaser for value.

It. appears from the record in this case that the draft in suit was a renewal of former. and similar drafts and when this draft was presented to defendant for acceptance it was sent to him through -the mail by the Bank of Monett, the payee therein. Defendant endorsed thereon an acceptance in the usual form but in returning it to the bank accompanied it with the following letter:

"Chicago, Ill., July 17, 1908.

First National Bank,
          Monett, Mo.
Gentlemen:—

I was absent when yours of June 29th reached my office but now enclose draft for $3000 to be signed by J. H. McQuary, which is duly accepted on the same terms as was indicated in mine of January 3rd, 1908.

Yours Truly,

L. B. SIDWAY."

The letter of January 3, 1908 referred to in the foregoing letter is as follows:

"First National Bank,
          Monett, Mo.
Gentlemen :—

I have just received a notice from the Continental National Bank of Chicago, that a draft drawn upon me by J. H. McQuary for $3000 becomes due January 6, 1908, and presume it is the last one given you under the arrangement of your bank with Mr. McQuary to facilitate your dealings with him. The understanding was, when the acceptance of the first was made, that I was never to be called upon for the sum, but the money was loaned to Mr. McQuary upon his personal credit, and the several drafts that have heretofore been exchanged have been at your request, knowing tthat I had not, and was not receiving any consideration, but were to be in effect the personal notes

of him. This was and has always been my under-
standing, and was to accommodate yourselves in your
transactions with Mr. McQuary.

> Yours truly,
> L. B. SIDWAY."

The draft mentioned in the letter of January 3,
was recalled by the bank and another draft sent to
defendant for his acceptance which was endorsed as
accepted in the usual form and returned on January 8,
1908, accompanied by the following letter:

"Chicago, January 8th, 1908.
Mr. Carl W. Lehnhard, Pres.,
> First National Bank, Monett, Mo.
Dear Sir:—

Your favor of the 6th inst. is at hand, enclosing
the draft upon me for $3000 to be signed by Mr. J. H.
McQuary after its return to you. I return draft here-
with duly signed by me, in the manner requested, and
am pleased to be of assistance to you in the matter,
until Mr. McQuary is able to pay the draft. Of course,
it is understood that this draft is to be treated the
same as the preceding ones, and that I am not to be
called upon by you to pay it. I observed recently
the very strong position of your bank and sincerely
hope that it and your other enterprises may all have a
successful new year.

> Yous truly,
> L. B. SIDWAY."

A renewal draft was endorsed accepted, in a sim-
ilar way and returned with a similar letter on April
16, 1908. The one in suit was, as above stated, en-
dorsed as accepted and returned accompanied by a
similar letter on July 17, 1908. A draft in renewal
of this was sent to defendant and endorsed as accepted
in the usual way by him and returned to the bank with
a similar letter dated November 2, 1908. This last
draft the bank refused to accept by reason of the letter

accompanying it, and the transfer of the draft in controversy was made to plaintiff and this suit followed.

The evidence does not disclose the form of acceptance of the first draft of which the others were renewals but it does show that at each renewal the former draft was canceled and returned to defendant so that the later drafts, including the one in suit stand each upon its own facts.

The first question that confronts us is: Should the letter accompanying the draft when it was returned by defendant to the bank and the letter of January 3, 1908 referred to therein, be considered in determining what obligation defendant assumed in relation to it? Plaintiff admitted that the letter of July 17, accompanied the draft in suit when it was received by the bank and that he had, as president of the bank, transferred the draft to himself and no claim of being an innocent holder for value is made by him, therefore, if the letters are to be considered as a part of defendant's contract then the rights of the parties are to be determined by the construction of the contract and that duty rested with the court and there was no issue to be determined by the trier of the facts.

It has long been the law that an acceptance of a draft may be upon a separate paper and the acceptor may impose any conditions which he may choose. [8 Cyc. 765; Ford v. Anglenrodt, 37 Mo. 50.] This is also recognized by our negotiable instrument law, Stat. 1909, sec. 10102-3-4. Since the acceptance itself may be by letter alone, it logically follows that a letter accompanying the draft may be used to qualify or limit an acceptance endorsed on the draft, in the absence of any question as to an innocent holder, and that question does not arise in this case. We are clearly of the opinion that the letters referred to are to be regarded as a part of defendant's contract the same as if the provisions and limitations stated

therein had been endorsed on the draft itself. When we consider the letter in connection with the endorsement on the draft what does it all mean? Was there in fact an acceptance at all? Acceptance is defined under our statute as follows: "The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawer will perform his promise by any other means. than the payment of money." [Stat. 1909, sec. 10102.]

The polar star to guide the court in the construction of all contracts is the intent of the party or parties executing them and while this intent must be gleaned from the contract itself, if unambiguous, yet in searching for the true interpretation the contract must be considered as a whole. [Meyer v. Christopher, 176 Mo. 580, 594, 75 S. W. 750; Donovan v. Boeck, 217 Mo. 70, 87, 116 S. W. 543.]

Applying this test to the acceptance in this case and taking. the formal acceptance and the letters together there can be no question that the intention of defendant was only to accept the draft for the accommodation of the bank and this without any intention to be bound to pay anything thereon, for the letters expressly so state. The bank having received the draft with the conditions named in the letters is bound thereby and since it was the party to be accommodated by the acceptance of defendant and being also the payee in the draft there was, in fact, no acceptance at all and hence no liability upon the part of defendant to the bank, and as plaintiff took with full knowledge of all the facts no liability to him.

The result is that the judgment must be reversed and it is so ordered. *Nixon, P. J.,* concurs. *Gray, J.* not sitting.